No. 10,848.

ORDER OF RAILWAY CONDUCTORS et al. *v.* JONES.

Decided July 6, 1925.    Rehearing denied October 5, 1925.

Action for damages.    Judgment for plaintiff.

*Reversed.*

1. LABOR UNIONS—*Damages—Justification.* In an action against a railway conductors' organization for damages for procuring the discharge of plaintiff and preventing him from procuring employment, the defense of justification was properly left to the jury for determination.

2. ACTIONS—*Labor Contract—Breach.* To induce, without justifica-

tion, an employer to break his contract with his employe, is an actionable violation of the employe's right to labor.

3. LABOR UNIONS—*Damages—Justification.*  In an action against a railway conductors' organization for damages for procuring the discharge of plaintiff, the defense of justification must be based upon a right equal or superior to the right of the employe whose contract with the employer the latter is persuaded to break.

4. MASTER AND SERVANT—*Employment.*  An employe has a right to the free exercise of the will of his employer relating to his employment, uninfluenced by others.

5. ACTIONS—*Labor Unions—Damages—Motive.*  In an action against a railway conductors' organization for damages for procuring the discharge of plaintiff and preventing his obtaining other employment, motive on the part of defendant or its desire or purpose to injure plaintiff, held irrelevant on the question of actual damages, although they might be relevant on the question of exemplary damages.

6. EVIDENCE—*Statements of Third Parties.*  In an action for damages against a railway conductors' organization, testimony of plaintiff as to what was stated by persons not shown to have authority to speak for defendant, was incompetent.

7. DAMAGES—*Punitive—Equity.*  While punitive damages are not recoverable in equity, nevertheless equitable relief may be added, under sections 76 and 187, Code '21, to any damages, even for tort.

8. ACTIONS—*Form—Consent.*  Where parties consent to try a case as one in equity, the manner of trial may not be questioned on review.

9.      *Form.*  Distinctions between actions at law and suits in equity have been abolished by the Code, and such relief may be granted as the pleadings and evidence justify, whether legal or equitable.

10. JURY—*Oath—Equity.*  As the verdict of a jury has no controlling force in an equity case, the form of oath administered is immaterial.

11. TRIAL—*Facts—Credibility of Witnesses—Equity Cases.*  In the trial of an equity case, the contention that the court, by instructing the jury that they were the sole judges of the credibility of the witnesses, surrendered its right to determine the facts, overruled.

12. LIMITATIONS—*Statute—Fraud.* When a party against whom a cause of action exists in favor of another, by fraud or concealment prevents the other from obtaining knowledge thereof, the statute of limitations will commence to run only from the time the cause of action is or might have been discovered.

13. EVIDENCE—*Bill of Particulars.* Neither the court nor the jury has any right to find for a plaintiff in contradiction of his bill of particulars.

14. APPEAL AND ERROR—*Statute of Limitations—Bill of Particulars.* Where the bill of particulars of plaintiff shows that his action is barred by the statute of limitations, a judgment in his favor should be set aside.

15. DAMAGES—*Appeal and Error.* It is reversible error for the court to submit matters of damage to the jury which are not properly the subject of damages.

16. JUDGMENT—*Presumptions.* While every presumption is in favor of a judgment and verdict, in the case under consideration, such presumption is overcome by the presumption that the jury followed erroneous instructions of the court.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Mr. JOHN M. GRIMM, Messrs. PERSHING, NYE, FRY & TALLMADGE, Messrs. MARTIN, NEWCOMER & FITZGERALD, for plaintiffs in error.

Messrs. GOSS & HUTCHINSON, Mr. FRANK C. WEST, Mr. CHARLES D. BROMLEY, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

JONES had a verdict and judgment against the Order of Railway Conductors, a voluntary association, and others, alleged to be its officers and agents, for $50,000 damages, $30,000 actual and $20,000 exemplary, for procuring his discharge, as alleged in the complaint, by means of persuasion, threats, coercion and intimidation, as conductor

on the Denver & Interurban railroad, and for preventing him from obtaining employment as conductor or in any capacity other than as conductor on the branch line from Marshall to Eldorado Springs during four months in the year.   An injunction was prayed and granted.   The defendants bring error.

The real substantial defence was justification, and defendants sought to prove it by showing that they had never procured plaintiff's discharge or prevented his employment except when such employment was in violation of the rights of other employees of the same class as plaintiff under seniority rights fixed by a contract with the railway company to which plaintiff was a party.   This reasoning is sound if the facts support it.   Do they?

The court seems to have left it to the jury to say whether there was justification.   This was right.   *Berry v. Donovan,* 188 Mass, 353, 74 N. E. 603, 5 L. R. A. (N. S.) 89, 108 Am. St. Rep. 499, 3 Ann. Cas. 738.   The jury has found for the plaintiff.   If there is evidence to support this verdict the judgment cannot be reversed on this point.   We think there is.

We need not attempt a comprehensive definition of what is an unlawful act in obtaining the discharge of an employee.   It is enough to say that to induce without justification an employer to break his contract of employment with his employee is an actionable violation of the employee's right to labor.   *Berry v. Donovan, supra; R. W. Hat Shop v. Sculley,* 98 Conn. 1, 118 Atl. 55, 29 A. L. R. 521, 559.   See also the cases hereinafter cited.

What constitutes justification?   It seems the acts must be based upon a right equal or superior to the right of the employee whose contract with the employer the latter is persuaded to break.   *Berry v. Donovan* and *R. W. Hat Shop v. Sculley, supra.*

Was there justification here?   We must say that the evidence permitted the jury to find that there was not. The contract in this case was expressed in a so-called schedule and roster, agreed on between the men and the

employers, which stated the class of each man employed by the company and his seniority in that class. The question of plaintiff's position under this contract was submitted to one Parker and by his decision, which was accepted by all parties, plaintiff and others were given certain seniority rights on the Colorado and Southern Railway. It should be explained that the Colorado & Southern and Denver and Interurban were under one management.

It appears from the correspondence of Jenks and Sheppard, officers of the defendant association, that they deliberately planned to "eliminate" plaintiff as to those rights. In this they were successful and the effect was to deprive plaintiff of his job as a conductor on the Fort Collins division and give him one that employed him but four months in a year. Parker's decision became the contract and their action was to destroy plaintiff's rights under it. The lodge joins in this action by resolution March 1, 1920. This resolution is equivocal but taken with the correspondence with reference to it, the jury or court would be justified in saying that the association and Jenks and Sheppard had determined and arranged together to deprive plaintiff of his seniority rights on the Colorado and Southern railway and Jenks' letter of December 12, 1920, reports that they had succeeded in getting plaintiff's name "stricken from the conductor's roster of the Fort Collins division of that railway." Assuming, as we must, that the jury or court found all these matters for plaintiff, we cannot say that there was justification or that the facts do not support the verdict.

To put the matter in another way: If the defendants were attempting by their attacks on plaintiff to maintain rights of their own which were equal or superior to his there would be sufficient justification of the course they took, and, since plaintiff was a party to the schedule and roster (contract), in so far as they sought to enforce the terms thereof they were only trying to make him keep the contract he had made, or obey their construction of it, but, since they left the construction of it to Parker to

whose decision all agreed, efforts to deprive plaintiff of his seniority given by that decision were open to the claim that there was no longer an equal or superior right to enforce and therefore no justification and the jury and court have found for plaintiff upon that claim.

In *Berry v. Donovan, supra,* the defendant relied for justification on a contract between the employer and the union to which he, (the defendant) belonged, saying he had merely tried to enforce that contract.  That case differs from the present one in that the contract itself, which forbade the employment of non-union men, was held unlawful, and in that the plaintiff there was not as here a party to such contract, but what we have said above shows that nevertheless the jury here was at liberty upon the evidence to find that the defendants acted without justification.

Further authorities more or less direct on this subject are *Auburn Draying Co. v. Wardell,* 227 N. Y. 1, 124 N. E. 97, 6 A. L. R. 901; *Parker Paint etc., Co. v. Local Union,* 87 W. Va. 631, 105 S. E. 911, 16 A. L. R. 222; *Ellis v. Journeymen Barbers Union,* 194 Iowa, 1179, 191 N. W. 111, 32 A. L. R. 756; *Erdman v. Mitchell,* 207 Pa. 79, 56 Atl. 327, 99 Am. St. Rep. 783, 63 L. R. A. 534, 538, 539; *Pickett v. Walsh,* 192 Mass. 572, 78 N. E. 753, 6 L. R. A. (N. S.) 1067, 116 Am. St. Rep. 272, 7 Ann. Cas. 638; *Minasian v. Osborne,* 210 Mass. 250, 96 N. E. 1036, 37 L. R. A. (N. S.) 179, Ann. Cas. 1912C, 1299; *Jones v. Leslie,* 61 Wash. 107, 112 P. 81, 48 L. R. A. (N. S.) 893, Ann. Cas. 1912B, 1158; *Shinksy v. Tracey,* 226 Mass. 21, 114 N. E. 957, L. R. A. 1917C, 1053, 1056; *Local Union No. 313 v. Stathakis,* 135 Ark. 86, 205 S. W. 450, 6 A. L. R. 894; *Denver Jobbers' Ass'n v. People,* 21 Colo. App. 326, 383, 388, 122 P. 404, 423; *Lucke v. Clothing Cutters' & Trimmers' Assembly,* 77 Md. 396, 26 A. 505, 19 L. R. A. 408, 39 Am. St. Rep. 421; *Curran v. Galen,* 152 N. Y. 33, 46 N. E. 297, 37 L. R. A. 802, 57 Am. St. Rep. 496; *Moran v. Dunphy,* 177 Mass, 485, 59 N. E. 125, 52 L. R. A. 115, 83 Am. St. Rep. 289; *Connors v.*

*Connolly,* 86 Conn. 641, 86 A. 600, 45 L. R. A. (N. S.) 564; *Read v. Friendly Soc. of Operative Stonemasons,* [1902] 2 K. B. 732, 1 B. R. C. 503; *White v. Riley,* [1921] 1 Chancery Division 1, 11, 12.

It was not a defence that plaintiff's employment was at the will of the employer. An employee has a right to the free exercise of such will. *Berry v. Donovan supra; Truax v. Raich,* 239 U. S. 33, 36 Sup. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283.

The instructions seem not wholly consistent, at least some of them are not readily reconciled, but since the case is reversed on other grounds and since we are not required to prepare instructions for a new trial, we do not comment on these instructions fully. It seems clear, however, that the court required the jury, in order to give a verdict for the plaintiff, to find that the defendant acted with malice, for the primary purpose of injuring the plaintiff and without justification. We think that motive is irrelevant to the question of defendant's liability and that their desire to injure him and purpose to do so are also irrelevant. If they are acting without the justification of an equal or superior right they are acting unlawfully and are liable whether their purpose is to do the plaintiff good or evil; they are liable, even if they believed that they were doing him a kindness. On the other hand, if they act with an equal or superior right they are not liable even if their motive is hate and their purpose to injure him. One of my colleagues suggests that if this were not so and there were two men over whom I had an equal or superior right, one of whom I loved and the other I hated, I could supplant only him I loved. Notwithstanding the high authority, and there is such, (*Dunshee v. Standard Oil Co.,* 152 Iowa, 618, 623, 132 N. W. 371.) for the proposition that malice and purpose to injure enter into such cases as this, we cannot agree with it. We are not saying that the matter of malice, motive or purpose to injure would not be relevant as tending to show that the defendants did what

they are charged with doing or as relating to exemplary damages.

The defendants have raised a great number of objections to the evidence; some were not well founded, some are to evidence wholly irrelevant or immaterial or otherwise non-prejudicial; some, though valid for the reasons stated, are to evidence competent for other purposes; some are to evidence of facts shown by defendant's own witnesses. It would require a volume to notice all these points and so we will not do so. It is enough to say that we have tried to consider them all, and since the case is reversed for other reasons, do not find therein any cause for comment here, except to say that the testimony of the plaintiff of what was stated to him by persons not shown to have authority to speak for defendants was, of course, incompetent to prove the facts so stated.

Since the case is reversed for other reasons and the evidence may not be the same again we refrain from commenting on the amount of damages; but, to avoid error in another trial, we suggest that punitive damages are not recoverable in equity; nevertheless, equitable relief may be added, under code 1921, sections 76 and 187, to any damages, even for a tort and that the claim of plaintiff for damages is based on tort and not on any equitable ground.

One of the claims is that the court below tried the case by jury as a law case, but decided it by decree with injunction as an equity case, to defendants' prejudice. The abstract of record does not support this claim. It shows that the defendants claimed that the cause was in equity and that plaintiff assented and consented to try it as such. That a jury was then called and evidence taken without objection on this score until after verdict; that the court found "the issues generally in favor of plaintiff and against the defendants, and rendered a judgment (or decree) thereon for $50,000, with an injunction." The decree recites that the court called the jury to assist and advise the court after an agreement by

the attorneys that the case might be tried without a jury. Since the parties agreed to try the case as an equity case none can complain. The propriety of it is therefore not in question now.

Counsel insists that plaintiffs in error were prejudiced by the refusal of the court to indicate what sort of an action, legal or equitable, it was considered to be, and as to what it was to be tried, but we do not think there was prejudice. The evidence and the rules of evidence were the same in either case. The distinctions between actions at law and suits in equity have been abolished, consequently the plaintiff might have whatever relief the facts pleaded and proved would justify, whether legal or equitable. The effect of our approval of the claim of plaintiff in error would be to say that a plaintiff must label his action, law or equity, but if section 1 of the Code has not abolished the label what has it abolished? We should stultify it.

The abstract does not show how the jury was sworn, but even if it was sworn generally, as plaintiff in error claims, there can be no prejudicial error in that, because the verdict had no controlling force if it was an equity suit (*Hall v. Rockwell*, 8 Colo. 103, 6 Pac. 927), and if it was a lawsuit, such oath was regular.

Counsel argue that by saying to the jury that they were the sole judges of the credibility of the witnesses the court surrendered its right ultimately to determine the facts. Non sequitur. For the purpose of their verdict they were the sole judges, what the court might do with the verdict was immaterial to them and the court did ultimately determine the facts.

The defendants pleaded the six-year statute of limitations. The plaintiff replied that the defendants fraudulently concealed their unlawful action from him until 1920, when he discovered it and brought his suit. The defendants demurred to this replication and the demurrer was overruled. That is assigned for error, but we think there was no error. *Bailey v. Glover*, 21 Wall. 342, 22 L. Ed.

636; 25 Cyc. 1213, and cases cited.  But there was error as to the statute of limitations.  The defendants say that the evidence and bill of particulars showed that plaintiff knew of their unlawful actions in 1913, more than six years before suit, which was December 16, 1921.  The bill of particulars certainly shows this at abstract folio 190.  The plaintiff seeks to avoid the consequences of this by saying that the court has found adversely to the defendants on this point by adopting the advisory verdict of the jury.  We cannot agree with this proposition because neither the court nor the jury has any right to find for the plaintiff in contradiction of his bill of particulars.  This will necessitate a reversal of the case because the court instructed the jury and the case was tried upon the theory that fraudulent concealment had taken the whole matter out of the statute of limitations and that damages were recoverable for the unlawful acts of the defendants committed more than six years before the commencement of the suit.

It is reversible error for the court to submit matters of damage to the jury which are not properly the subject of damages.  The plaintiff argues that there is no evidence to show that the jury did include them and that every presumption is in favor of the judgment.  It is true that every presumption is in favor of the judgment and the verdict; but, in this case, such presumptions are overcome by the presumption that the jury followed the instructions of the court.  We see no escape from the conclusion that there was error on this point.  *Dunshee v. Standard Oil Co., supra; King v. So. Pac. Co.,* 109 Cal. 96, 41 Pac. 786, 29 L. R. A. 755.

Judgment reversed and new trial granted.

MR. JUSTICE CAMPBELL not participating.