No. 18,057.

HORACE J. SULLIVAN *v.* WILLIAM A. RICKERT.
(314 P. [2d] 690)

Decided August 26, 1957.

Mr. THOMAS K. HUDSON, for plaintiff in error.

No appearance for defendant in error.

*In Department.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the court.

THIS action involves the right of a plaintiff to enforce provisions of a guarantee of profits made by the seller of vending machines.

. Rickert, defendant in error, purchased a number of coin-operated machines from Sullivan. The seller delivered to Rickert a written guarantee of profits certificate which provided in pertinent part that:

"* * * said machines will earn a profit of not less than 100% of the net purchase price thereof during the period beginning with the date said machines are placed on location and terminating twelve months thereafter or machines may be returned to company for full refund of cost."

The guarantee certificate contains a definition of terms and sets forth a number of conditions which must be complied with by purchaser before liability of the vendor would attach.

It was alleged in the complaint filed by Rickert that he had fulfilled all conditions, and that the machines did not yield 100% profit on the purchase price thereof. He asked judgment in the amount of $577.30 plus interest.

Sullivan, plaintiff in error, filed his answer in which he denied performance by Rickert of particular conditions to the right to recover upon the guarantee.

The trial court found the issues in favor of Rickert and entered judgment as prayed for. Sullivan seeks reversal by writ of error.

Counsel for Sullivan summarizes the argument advanced for reversal as follows:

"The issues for determination are narrow and simply stated, are whether plaintiff complied with the terms and provisions of the Guarantee of Profits Certificate and became entitled to a refund of purchase price; or whether he failed to comply with the terms and provisions of such certificate and therefore is not entitled to recover upon his claim."

We have examined the record to determine whether the findings of the trial court are supported by

competent evidence, and have concluded that upon all controlling questions there is ample evidence to sustain the judgment.

It is accordingly affirmed.

MR. JUSTICE KNAUSS, MR. JUSTICE SUTTON, and MR. JUSTICE FRANTZ concurring.