No. 18,084.

H. J. SULLIVAN AS SUPERIOR DISTRIBUTING COMPANY *v.* S. M. McCARTHY, JR.
(314 P. [2d] 901)

Decided August 26, 1957.

Mr. THOMAS K. HUDSON, for plaintiff in error.

Mr. MAXWELL ALEY, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THIS action involves the right of a purchaser to enforce provisions of a guarantee of profits made by the seller of vending machines.

McCarthy, defendant in error, purchased a number of coin operated machines from Sullivan, plaintiff in error. The seller delivered to McCarthy a certificate embracing a written guarantee of profits which provided in pertinent part that:

"* * * said machines will earn a profit of not less than 100% of the net purchase price thereof during the period beginning with the date said machines are placed on location and terminating twelve months thereafter or machines may be returned to company for full refund of cost."

The guaranty certificate contains a definition of terms and sets forth a number of conditions which must be complied with by the purchaser before liability of the vendor attaches.

It was alleged in the complaint filed by McCarthy that he had "complied with the provision of the contract" and that said machines did not yield 100% profit on the net purchase price thereof. He asked judgment in the amount of $555.98.

Sullivan filed his answer in which it was alleged that conditions to the right of McCarthy to recover had not been established in that: (1) McCarthy failed to keep the machines continuously on location; (2) he failed to keep them in good mechanical repair; (3) he failed to keep said machines filled with merchandise; and (4) he failed to keep the machines filled with merchandise of good quality.

There is no allegation in the answer that McCarthy failed to perform any other condition. The case was tried to the court without a jury and findings and judgment entered in favor of McCarthy for the amount prayed for by him. Sullivan, seeking reversal of the judgment is here on writ of error.

The principal point urged by Sullivan in this court is that McCarthy cannot recover because one of the conditions to the right of recovery was his duty to return the machines, prepaid, to Sullivan's place of business. It is argued that there is no explanation for McCarthy's failure to return the machines, and that the duty was upon him to aver and prove performance or to excuse his failure to do so. McCarthy alleged, generally, performance by him of all conditions. Sullivan's answer denied compliance with certain of the conditions, but did not allege failure to return the machines.

The certificate of guarantee of profits contained the following, which forms the basis of Sullivan's argument here:

"The guarantor shall be entitled to credit for all profit as herein defined, earned by said machine or machines, or any of them, and said credit shall be deducted before the liability of the guarantor hereunder in any amount is fixed, and machine or machines have been returned prepaid to guarantor's place of business."

This question was not submitted to the trial court and no issue thereon was raised by the pleadings, it being raised in this court for the first time.

Rule 9 (c), R.C.P. Colo. provided:

"In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity, and when so made the party pleading the performance or occurrence shall establish on the trial the facts showing such performance or occurrence."

*Question to be Determined.*

*In an action to recover on a guaranty where a purchaser alleges generally that he performed all conditions and the seller denies with particularity the performance of certain conditions; will seller be permitted to prevail because purchaser offered no evidence of performance of condition with reference to which seller tendered no issue by his answer?*

■ The question is answered in the negative. Rule 9 (c) R.C.P. Colo., above quoted, permits a plaintiff to plead generally the performance of all conditions. If an adverse party denies the performance of any such conditions the rule requires that such denial "shall be made specifically and with particularity." Thus specific issues are framed, and the plaintiff, while obligated to establish the performance of those conditions within the framed issues, is under no obligation to prove the performance of conditions other than those with reference to which defendant has specifically alleged failure to perform. The record before us discloses that no issue was tendered in the trial court on the question of McCarthy's failure to perform a condition in connection with the return of the machines "prepaid to guarantor's place of business." Moreover, when the full sentence, in which the reference to return of the machines is made, is considered, it is doubtful that a return of the machines was intended as a condition to a right of action.

■ The judgment of the trial court on the issues properly submitted is supported by competent evidence. Conflicts therein were resolved in favor of McCarthy, have substantial support in the evidence, and will not be disturbed.

The judgment is affirmed.

Mr. Justice Knauss, Mr. Justice Sutton and Mr. Justice Frantz concur.