## No. 18,340.

Samuel S. Fletcher v. The Colorado and Wyoming Railway Company, et al.

(347 P. [2d] 156)

Decided November 23, 1959.    Rehearing denied December 21, 1959.

Mr. WILLIAM L. RICE, for plaintiff in error.

Messrs. TIPPIT, HASKEL & WELBORN, Mr. JOHN R. EVANS, for defendant in error The Colorado and Wyoming Railway Company.

Mr. CHARLES R. ENOS, Mr. C. CHARLES BUCHLER, BERNICE M. BUCHLER, Mr. WAYLAND K. SULLIVAN, for defendants in error Brotherhood of Railroad Trainmen, Pikes Peak Lodge No. 32, O. A. McAllister, R. H. McDonald and R. E. Carroll.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in the same order as they appeared in the trial court. We shall refer to the plaintiff in error as plaintiff, to the defendant in error The Colorado and Wyoming Railway Company as the CARRIER, to the Brotherhood of Railroad Trainmen as the BROTHERHOOD, to Pikes Peak Lodge No. 32 as the LODGE, and to the individual defendants in error as defendants or by name.

The trial court entered orders sustaining motions of all the defendants to dismiss the complaint and plaintiff is here by writ of error testing the correctness of such

orders. We therefore view the complaint in its most favorable light and consider as admitted all matters well pleaded.

Plaintiff's complaint, consisting of fourteen pages, after identifying the parties, alleges that:

1. For many years prior to 1943 plaintiff had been employed by the CARRIER pursuant to a contract entered into between the CARRIER and the BROTHER-HOOD, the duly chosen bargaining agent for the CAR-RIER'S employees;

2. That said contract provided for procedures to be followed in seeking to settle disputes arising between the employer and its employees under said contract, and among other things provided that:

"Section 2: If discipline is found to be unjust, the employee involved, if dismissed, will be reinstated *with pay for all time lost.* * * *." (Emphasis supplied.)

3. That by virtue of plaintiff's employment, membership in the BROTHERHOOD and LODGE and payment of dues thereto:

" * * * it was the duty and obligation of said Brotherhood and of all its officers, agents, committees, and chairmen, including the said O. A. McAllister, R. H. McDonald and R. E. Carroll, to represent the plaintiff and act as his agent, with fidelity, honesty, industry and due diligence, and with due care and in good faith for the plaintiff's just and best interests, in the controversies, disputes, grievances, and cases hereinafter mentioned, between the plaintiff and said carrier, both in dealing with said carrier and its officers and before the National Railway Adjustment Board. * * *."

4. That in November 1943 the CARRIER, the BROTHERHOOD, the LODGE and defendant McAllister entered into a conspiracy to deprive plaintiff of his employment, and at said time caused his unlawful discharge.

5. That promptly, on being discharged, and on subsequent occasions, plaintiff requested the CARRIER to re-

instate him, requested the BROTHERHOOD, LODGE and McAllister to intercede in his behalf to procure his reinstatement and pay for time lost, all of which requests were in furtherance of said conspiracy refused.

6. That thereafter plaintiff, pursuant to the rules of the BROTHERHOOD, appealed to the president of the BROTHERHOOD to act in his behalf, to the end that he be reinstated and paid for his lost time, which appeal was granted and the president directed the BROTHERHOOD and LODGE to so proceed in plaintiff's behalf.

7. That said BROTHERHOOD, LODGE and McAllister made request on the CARRIER that plaintiff be reinstated, and in furtherance of the aforementioned conspiracy, unknown to plaintiff, made no request for pay for lost time, which request for reinstatement the CARRIER, in furtherance of said conspiracy, denied.

8. That plaintiff then appealed all of his claims to the general grievance committee of the BROTHERHOOD for further handling, the chairman of said committee being the defendant McDonald, and again demand was made on the CARRIER for reinstatement; but in furtherance of said conspiracy no request was made for pay for time lost, and which demand the CARRIER, in furtherance of said conspiracy, denied.

9. That plaintiff then requested the BROTHERHOOD and defendant McDonald to file with the National Railroad Adjustment Board, hereinafter referred to as the BOARD, his claim for (a) reinstatement, and (b) pay for lost time, and said defendants at divers times between October 17, 1944, and February 26, 1957, advised plaintiff that such claims had been filed.

10. That during the period October 17, 1944, to February 26, 1957, defendant McDonald became a vice-president of the BROTHERHOOD and the defendant Carroll succeeded McDonald to the position of chairman of the general grievance committee of the BROTHERHOOD, and that said BROTHERHOOD, McDonald and Carroll, in furtherance of said conspiracy and in order

to appease the LODGE and McAllister, and to win the favor of the CARRIER, purposely withheld, for a long period of time, the filing and prosecution of plaintiff's claims for reinstatement and pay for lost time, and when they finally filed his claim with the BOARD, it was for reinstatement only, and intentionally omitted and failed to file plaintiff's claim for pay for time lost, all in connivance with said CARRIER.

11. On June 25, 1952, the First Division of the Board rendered its decision, Award No. 15510, and found plaintiff had been discharged without just cause and ordered his reinstatement; no claim for pay for lost time having been filed, said BOARD made no findings or orders with reference thereto; only after receipt of notice of said Award No. 15510 did plaintiff learn that his claim for pay for time lost had not been presented or ruled upon. Subsequent to said award the BROTHERHOOD refused to further represent plaintiff.

12. Subsequent to said award, plaintiff, in order to exhaust his administrative remedies, filed with the Fourth Division of the BOARD his claim for pay for time lost, which said Fourth Division denied upon the ground that it was bound by the award of the First Division. There has been no adjudication on the merits of plaintiff's claim by either division.

13. That the CARRIER had notice of all the acts and omissions of the BROTHERHOOD, the LODGE and the defendants, of which plaintiff complains, and participated therein and assisted in concealing the same from plaintiff.

14. That the plaintiff has lost all of his contemplated earnings from his employment during the period November 27, 1943, to July 25, 1952, the date of his reinstatement and resumption of duties, said earnings being of a value of over $50,000.00.

In a second claim against the BROTHERHOOD, the LODGE and the individual defendants, plaintiff charges them generally with delay in presenting his claims,

omission of his claim for pay for lost time, fraud, conspiracy, want of good faith, negligence and want of due diligence and demands judgment against said defendants for any part of the pay due plaintiff for time lost which is not recoverable from the CARRIER.

Plaintiff prays for judgment (1) against the CARRIER for $50,000.00, "together with interest * * * on the several monthly installments thereof from the times the same respectively became due"; (2) against the BROTHERHOOD, the LODGE and the individual defendants "for all or any part of said sum [$50,000.00], if any, which is found to be not recoverable from said Railway Company, with interest thereon as aforesaid."

To this complaint the CARRIER filed its motion to dismiss, for the following reasons: (1) Plaintiff's claim is one for pay for time lost under a contract of employment and is a dispute over which the National Railroad Adjustment Board has exclusive jurisdiction, the courts having no jurisdiction; (2) that the claim has been finally adjudicated by the BOARD; (3) the complaint is a collateral attack on the decision of the BOARD, and such decision is not subject to review, and (4) that the plaintiff by seeking and obtaining reinstatement and now being an employee has made an election of remedies and is confined to seeking redress before the BOARD and cannot seek redress in the courts.

This motion of the CARRIER was sustained by the trial judge who assigned the following reasons:

1. Plaintiff's claim as pleaded is one over which the BOARD has exclusive jurisdiction; (2) the decision of the BOARD as pleaded is final and binding on plaintiff; (3) plaintiff's claim as pleaded is a collateral attack on the decision of the BOARD; (4) plaintiff has elected to present his claim to the BOARD and thus the court is precluded from determining the same, and (5) plaintiff's complaint fails to state a claim in that the judgment of the BOARD is final, not subject to collateral attack, and plaintiff, in filing his claim with the BOARD, has made

an election of remedies and this court is precluded from determining the same claim.

Plaintiff's claim against the CARRIER clearly is predicated on his contract of employment with the CARRIER; the contract sets forth the rights and duties of the employee and the employer. Plaintiff claims that he is entitled to pay for lost time; the CARRIER has at all times denied this, claiming that the plaintiff was discharged for just cause — hence we have a dispute between a railroad employee and a railroad employer arising under a contract of employment.

█ The law is well settled that exclusive jurisdiction to hear and determine such disputes rests in the National Railroad Adjustment Board. A leading case on the question is *Slocum v. Delaware, L. & W. Railway Co.*, 339 U. S. 239, 70 S. Ct. 577, wherein it is said:

"The Act thus represents a considered effort on the part of Congress to provide effective and desirable administrative remedies for adjustment of railroad-employee disputes growing out of the interpretation of existing agreements. The Adjustment Board is well equipped to exercise its congressionally imposed functions. Its members understand railroad problems and speak the railroad jargon. Long and varied experiences have added to the Board's initial qualifications. Precedents established by it, while not necessarily binding, provide opportunities for a desirable degree of uniformity in the interpretation of agreements throughout the nation's railway systems."

In *Union Pacific Railroad Company v. Price*, 360 U. S. 601, 79 S. Ct. 1351, the court said:

" * * * So far as appears, all of the Court of Appeals, and District Courts which have dealt with this problem have reached the conclusion we reach here. To say that the discharged employee may litigate the validity of his discharge in a common-law action for damages after failing to sustain his grievance before the Board is to say that Congress planned that the Board should function

only to render advisory opinions, and intended the Act's entire scheme for the settlement of grievances to be regarded 'as wholly conciliatory in character, involving no element of legal effectiveness, with the consequence that the parties are entirely free to accept or ignore the Board's decision * * * [a contention] inconsistent with the Act's terms, purposes and legislative history.'"

In *Pennsylvania Railroad Co. v. Day*, 360 U. S. 548, 79 S. Ct. 1322, the Supreme Court of the United States said:

"Our consistent regard for the importance of having disputes between railroad employees and carriers settled by the Administrative Board which Congress established for that purpose requires respondent to resort to the NRAB for adjudication of his claim.

"The judgment is reversed, and the cause remanded, in order that the case may be returned to the District Court, with instructions to dismiss the complaint for lack of jurisdiction."

Following an unbroken line of decisions of the Supreme Court of the United States, this court, in *Shotwell v. Brotherhood, et al.*, 136 Colo. 428, 319 P. (2d) 484, said:

"Finally, the compelling reason for dismissing the action is that it affirmatively appears from the complaint that the controversy sought to be resolved, if controversy there be, is one within the exclusive jurisdiction of the National Railroad Adjustment Board and in an area in which the courts lack jurisdiction."

We conclude that the trial court was without jurisdiction to hear or determine the dispute existing between the plaintiff and the CARRIER, and the order and judgment of dismissal of plaintiff's complaint against the CARRIER is affirmed.

Turning now to the claim of the plaintiff against the BROTHERHOOD, the LODGE, and the individual defendants, we find a very different situation. Plaintiff's claim against these defendants is in no wise predicated

on the contract of employment with a carrier; rather it is predicated on duties owing to plaintiff by the BROTHERHOOD, LODGE and defendants arising out of his union membership and payment of dues. These duties are set forth in the complaint and appear supra. It is for failure to perform these duties, either from design or negligence, that plaintiff seeks to recover from these defendants. Plaintiff does not seek pay for loss of wages from these defendants; but to recover damages which he alleges are the natural consequence of the failure of these defendants to present his claim for payment of the lost wages. Plaintiff makes this very plain in his prayer for relief, in that he asks for lost wages against the CARRIER; if successful there, he wants nothing from these defendants. If he does not succeed in his claim against the CARRIER, then he claims from these defendants an amount equal to the amount of wages lost not recoverable from the CARRIER.

To this complaint the BROTHERHOOD, LODGE and individuals filed separate motions to dismiss, all following much the same pattern. They each assign as grounds for dismissal (1) the complaint fails to state a claim; (2) various statutes of limitations; (3) res adjudicata in that the matters involved had been determined by the BOARD; (4) that plaintiff is a co-principal with the BROTHERHOOD and LODGE and as such cannot sue its co-principals or their agents (the individual defendants), and (5) the BROTHERHOOD and LODGE set up an additional ground that they are unincorporated associations and cannot be sued by their members, nor can they be served with process.

The trial court sustained the motions of the BROTHERHOOD and the LODGE and stated as grounds therefor that (1) the complaint fails to state a claim; (2) that the court lacks jurisdiction of the subject matter of the action — the contract between the CARRIER and the BROTHERHOOD — and further upon the ground that the matter has been decided by the BOARD and its

decision is final and not subject to collateral attack. The motions of the individual defendants were sustained on the grounds that (1) plaintiff's complaint does not state a claim; (2) the decision and award of the BOARD is final and conclusive "as between the parties hereto" and not subject to collateral attack.

■ In sustaining these motions the trial court was in error. The complaint, though containing a minimum of facts and an abundance of legal conclusions, does state that the defendants, because of plaintiff's membership and payment of dues in the union, owed him a duty to present his claim, both for reinstatement and for lost wages; that they tardily undertook to perform this duty, but presented only his claim for reinstatement, and through fraud, conspiracy, lack of due diligence, good faith and honesty failed to present his claim for pay for lost time to his damage. The facts so pleaded state a claim upon which, if proved, the plaintiff would be entitled to recover, hence the complaint is not subject to a motion to dismiss. Plaintiff pleads not only fraud, conspiracy, etc., in a very general way, he also pleads lack of due diligence, which does not necessarily involve any malconduct. The complaint states a claim based on fraud and with sufficient definiteness as to meet the requirements of Rule 9 (b), R.C.P. Colo.:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. * * *." as against a motion to dismiss.

See *Western Homes v. Dist. Court,* 133 Colo. 304, 296 P. (2d) 460, and *Sullivan v. McCarthy,* 136 Colo. 150, 314 P. (2d) 901.

■ The second ground for sustaining the motion to dismiss is clearly wrong. None of the defendants was a party to the proceedings before the BOARD, so necessarily any award made by the BOARD could not be "conclusive as between the parties hereto," as stated in the order of the trial judge. Moreover, the failure of the BOARD to consider or determine the question of lost

wages lies at the door of these defendants who failed to present it for determination, and they are in no position to now urge that such failure relieves them of liability for their own negligence or misfeasance. The award was conclusive as between the parties *thereto*, not *hereto*. Nor can the trial court's holding that the court has no jurisdiction of the subject matter and that the same is subject to the exclusive jurisdiction of the BOARD be sustained. There can be no question that the BOARD has no jurisdiction over claims of members against unions — the BOARD'S jurisdiction is limited to disputes arising under labor contracts to which railways are a party.

The trial court did not rule on the other grounds urged for dismissal. We find them without merit. A plea in bar by reason of the statute of limitations cannot be raised by motion to dismiss. It is a defense which may or may not be relied upon. If relied upon it must be pleaded as an affirmative defense, Rule 8 (c), R.C.P. Colo. For the same reasons, the question of res adjudicata cannot be raised by motion to dismiss.

The point raised that the BROTHERHOOD and LODGE are not legal entities, not subject to suit, and are co-principals with plaintiff and therefore cannot be sued by a member has been decided contrary to defendants' contentions. *Order of Railway Conductors et al. v. Jones,* 78 Colo. 80, 239 Pac. 882; *Thomas, Potentate et al. v. Dunne,* 131 Colo. 20, 279 P. (2d) 427.

We conclude that the motions to dismiss filed in behalf of the BROTHERHOOD, the LODGE and the individual defendants should have been denied.

The judgment dismissing the complaint as to The Colorado and Wyoming Railway Company is affirmed.

The judgment dismissing plaintiff's complaint as to the defendants, the BROTHERHOOD, the LODGE and the defendants McAllister, McDonald and Carroll is reversed and the cause remanded with directions to the trial court to enter an order denying each of said mo-

tions, with leave to said defendants to answer or otherwise plead as they may be advised.

MR. CHIEF JUSTICE KNAUSS and MR. JUSTICE SUTTON concur.