No. 22044.

GLENN J. KNIGHTON AND JEANETTE KNIGHTON *v.*
FRED C. HOWSE.
(448 P.2d 641)

Decided December 30, 1968.

I. H. Kaiser, for plaintiff in error Glenn T. Knighton.

Rector, Kane, Donley and Wills, Leo Rector, for defendant in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

Fred C. Howse brought an action against Glenn and Jeanette Knighton and in his complaint Howse alleged that on or about March 4, 1960 the one defendant, Glenn Knighton, executed and delivered to him a promissory note in the amount of $9,000, payable 30 days after date of execution. It was further alleged that Glenn Knighton had not paid this indebtedness, or any part thereof, and that as of October 1, 1963 the sum of $11,137.81 was due and owing Howse from Glenn Knighton.

As concerns Jeanette Knighton, it was alleged that Glenn had transferred certain of his assets to his wife, Jeanette, in order to avoid his creditors. However, at the conclusion of Howse's presentation of evidence, the claim against Jeanette Knighton was dismissed and this phase of the controversy is not involved in the present writ of error.

In his complaint Howse also alleged that the one defendant Glenn Knighton was guilty of "fraudulent actions" in connection with the execution and delivery of the aforesaid promissory note.

In a formal pre-trial order, signed by the trial judge and approved by counsel, it was agreed that judgment should be entered against Glenn Knighton and in favor of Howse in the sum of $11,137.81, which was the amount due and owing on the promissory note. This pre-trial order then provided that one of the remaining

issues was whether "there was any fraud in the inducement of entering into the contract. . . ."

Trial was to the court and pursuant to the pre-trial order the trial court found that Knighton was indebted to Howse on the aforesaid promissory note in the total sum of $11,137.81 and the trial court entered judgment in that amount for Howse. And that was the only *judgment* entered by the trial court.

However, in its findings and conclusions the trial court determined that as a result of certain "fraudulent representations" on the part of Glenn Knighton, Howse had released certain security which has been previously given by Glenn Knighton to secure payment of this indebtedness. By the present writ of error Glenn Knighton seeks reversal of the judgment "insofar as it is founded in fraud." In our view Knighton misconceives the true nature of this action and the judgment, as entered, should be affirmed.

■ The action brought by Howse was not one sounding in fraud, but rather an action based on a promissory note. Such being the case, Knighton's argument that this "fraud action" is barred by the three year statute of limitations is unavailing. C.R.S. 1963, 87-1-9. In this regard the present factual situation is somewhat akin to that found in *Equitable Sec. Co. v. Johnson,* 36 Colo. 377, 85 P. 840, where it was held that an action on a promissory note to recover a personal judgment and, incidentally, to foreclose a lien on shares of stock, although involving the sufficiency of the assignment of such stock, was not an action for relief on the ground of fraud, and hence was not within the 3 year statute of limitations.

■■ Furthermore, even if C.R.S. 1963, 87-1-9 had applicability, which it does not, the matter was not properly raised in the trial court. A statute of limitations is an affirmative defense and hence must be affirmatively pleaded. R.C.P. Colo. 8(c). In the instant case Knighton's answer asserted no affirmative defense and

was only a general denial. And at the pretrial conference there was no mention of any reliance by Knighton upon a statute of limitations. Nor can it be said that the issue was raised during the trial of the case and "tried by the express or implied consent of the parties." It was only after he had suffered an unfavorable judgment at the hands of the trial court that Knighton for the first time sought to inject this matter into the case by asking in his motion for a new trial that he be permitted to amend his answer. The request came much too late. See *Clemann v. Bandimere*, 128 Colo. 24, 259 P.2d 614, and *Barnes v. Wright*, 123 Colo. 462, 231 P.2d 794.

■ Our review of the record discloses ample evidence to support the several findings and conclusions of the trial court and its judgment should be affirmed.

Judgment affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE KELLEY concur.