500 P.2d 172 (1972)
THRIFTY RENT-A-CAR SYSTEM OF COLORADO, a Colorado corporation, Plaintiff-Appellee,
v.
CHUCK RUWART CHEVROLET, INC., a Colorado corporation, Defendant-Appellant.
No. 71-323.
Colorado Court of Appeals, Div. I.
August 15, 1972.
*173 Frickey & Myrick, Theodore M. Smith, Denver, for plaintiff-appellee.
Hindry & Meyer, Robert E. Temmer, Denver, for defendant-appellant.
Not Selected for Official Publication.
PIERCE, Judge.
Plaintiff, Thrifty Rent-A-Car System (Thrifty), purchased from defendant, Chuck Ruwart Chevrolet, Inc. (Ruwart), several automobiles for use in its business. Thrifty brought this action to recover certain rebates allegedly promised it as an inducement to purchase from Ruwart. The trial court found that Thrifty was entitled to these rebates and entered judgment accordingly. Ruwart appeals. We affirm.

I.
Ruwart's first contention is that the trial court erred in not granting its motion to dismiss, made at the close of plaintiff's evidence, for Thrifty's failure to establish the occurrence of a condition precedent to Ruwart's obligation to pay the rebates.
*174 Ruwart maintains that the rebates were not due and payable to Thrifty until Ruwart actually received them from the manufacturer. However, the trial court found, upon competent evidence, that Ruwart had agreed to pay the rebates without any conditions attached, and we will not disturb this finding of fact upon appeal.
We also note that, in its answer, Ruwart did not specifically deny the occurrence of a condition precedent. Under C. R.C.P. 9(c), it is required that all denials of conditions precedent must be specific. Failure to so plead removes the condition from issue in the trial. Sullivan v. McCarthy, 136 Colo. 150, 314 P.2d 901.
For these reasons, it was not error for the trial court to deny Ruwart's motion to dismiss.

II.
Ruwart next contends that it was error for the trial court to receive evidence regarding any oral agreement covering the rebates since the parties signed and executed written chattel mortgages. It claims that these mortgages are integrated statements of the entire agreement between the parties, and thus, evidence concerning these oral agreements is precluded by the parol evidence rule.
The parol evidence rule has been codified by the Uniform Commercial Code which provides that, under certain conditions, the terms of a written agreement can be explained or supplemented by consistent additional terms.[1] The disputed agreement in this case is not inconsistent with any terms of the written agreement, and the trial court properly found that the writing was not intended as a complete and exclusive statement of the agreement. Furthermore, the parol evidence rule does not preclude admission of parol representations which were inducements for a contemporaneous written contract. Stevens v. Vail Associates, Inc., 28 Colo.App. 344, 472 P.2d 729.

III.
Ruwart also claims error in the trial court's refusal to admit into evidence two letters offered by it. These exhibits were excluded on the grounds that they were hearsay.
Ruwart contends that the first of these exhibits should have been admitted as an authenticated document under C.R.S. 1963, XXX-X-XXX.[2] However, this letter was only a correspondence between the manufacturer and Thrifty, stating that a representative of the manufacturer had contacted Ruwart who denied the contractual agreement regarding the rebates. As such, it is not a document contemplated by this statute and cannot, therefore, be classified as an official authenticated document. Thus, the argument to admit it under C.R. S.1963, XXX-X-XXX, is without merit since this section is intended to cover only self-authenticating documents.
*175 The other letter, which denied the rebate arrangement, was purportedly signed by an officer of Ruwart, addressed to Thrifty. This self-serving document also lacked any foundation as to its authenticity. Ruwart contends that this letter should have been admitted as one of a chain of correspondence, and cites Stone v. Union Fire Insurance Co., 106 Colo. 522, 107 P.2d 241, as its authority. We do not find Stone to provide such authorization. In fact, Stone points out the hazard of admitting self-serving correspondence, such as this exhibit, when the party purporting to have written the letter is not available for cross-examination.
Both letters were properly excluded.
We have examined the other errors alleged by Ruwart and find them to be without merit. They concern factual determinations based upon sufficient evidence, and we will not disturb these findings on review.
Judgment affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.
NOTES
[1] C.R.S.1963, XXX-X-XXX. "Final written expressionparol or extrinsic evidence. Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein, may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented:

(a) By course of dealing or usage of trade (section 155-1-205) or by course of performance (section 155-2-208); and
(b) By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."
[2] C.R.S.1963, 155-1-202. "Prima facie evidence by third party documents.A document in due form purporting to be a bill of lading, policy or certificate of insurance, official weigher's or inspector's certificate, consular invoice, or any other document authorized or required by the contract to be issued by a third party, shall be prima facie evidence of its own authenticity and genuineness and of the facts stated in the document by the third party."