**Roberta ZERTUCHE, Plaintiff-Appellee,**

v.

**MONTGOMERY WARD & CO., INC.,
Defendant-Appellant.**

No. 82CA1506.

Colorado Court of Appeals,
Div. III.

May 9, 1985.

Law Office of Gerald A. Gerash, Gerald A. Gerash, Gerash & Robinson, P.C., Walter Gerash, J. Kent Miller, Denver, for plaintiff-appellee.

Law Office of John E. Walberg, John E. Walberg, Denver, for defendant-appellant.

BERMAN, Judge.

Plaintiff, Roberta Zertuche, sued Montgomery Ward & Company, Inc., (Wards) for injuries and damages she sustained when she injured her heel on a sofa purchased from Wards. The jury returned a

$200,000 verdict for plaintiff and Wards appeals. We affirm.

Plaintiff, then 16 years old, was injured while getting up off a couch which had been purchased approximately four and one half years earlier from Wards by her brother. As she got up, she cut her bare heel on a metal strip that had been placed a fraction of an inch below the wood runner on the front of the sofa. She was taken to a local hospital, where a plastic surgeon closed the laceration with a number of stitches.

Plaintiff testified that she had been in constant pain since the surgery, that she still was unable to wear closed-heel shoes, that she cannot participate in activities which require closed-heel shoes, and that she cannot walk for more than 30 minutes without resting her foot. Plaintiff additionally testified that she had been taking pain pills since the injury and was still taking them at the time of trial.

The cut involved approximately five percent of the Achilles tendon, but there was no permanent damage to the tendon. However, there was expert testimony presented that although the tendon had healed, the tissues over it had not, and downward motion to the swollen area on the heel was painful. There was further expert testimony concerning the permanent nature of plaintiff's pain and swelling.

Plaintiff settled with the manufacturer of the sofa prior to trial and proceeded against Wards on claims of breach of implied warranty of fitness and strict liability. The jury found for plaintiff on the breach of implied warranty claim.

### I.

Wards contends that the trial court erroneously allowed plaintiff to amend her complaint to state a strict liability claim and erroneously submitted a strict liability instruction to the jury. We disagree.

It is within the trial court's discretion to grant a motion to amend a complaint, and leave to amend shall be freely given when justice so requires. *H.W.*

*Houston Construction Co. v. District Court,* 632 P.2d 563 (Colo.1981); *see* C.R. C.P. 15. Absent an abuse of discretion, we will not overrule the trial court on review. *H.W. Houston Construction Co. v. District Court, supra.*

In the instant case, we perceive no abuse of discretion by allowing plaintiff's complaint to be amended. The strict liability claim arose from the same injury, the original complaint set forth a strict liability claim, plaintiff's request was made two months before the new trial date, plaintiff did not seek to endorse new witnesses, and Wards had sufficient notice of the claim and was not prejudiced by the amendment.

Moreover, upon a review of the record, we conclude that there was competent evidence to support plaintiff's strict liability claim against Wards, and thus, the court did not err in submitting a strict liability instruction to the jury. *See Barnhill v. Public Service Co.,* 649 P.2d 716 (Colo.App.1982), *aff'd* 690 P.2d 1248 (Colo. 1984).

### II.

Wards further argues that plaintiff's breach of warranty claim was barred by the statute of limitations set forth in § 4-2-725, C.R.S. We conclude this defense was not timely raised.

The statute of limitations is an affirmative defense which is waived unless affirmatively pleaded. *Knighton v. Howse,* 167 Colo. 530, 448 P.2d 641 (1968); *see* C.R.C.P. 8(c).

Here, plaintiff's complaint included claims based on negligence, strict liability, and breach of warranty. Wards, in its answer, raised the defense of the statute of limitations, citing specifically § 13-80-127.-5, C.R.S. (1984 Cum.Supp.) which provides that all actions, except those governed by § 4-2-725, C.R.S., brought against a manufacturer or seller of a product for personal injury must be brought within three years after the claim arises. Plaintiff filed her claim well within the statutory limits of

§ 13–80–127.5 and the issue was not raised at trial. Wards did not raise the statute of limitations governing contracts for sale, § 4–2–725, C.R.S., which includes breach of warranty claims, until filing its motion for new trial. Under these circumstances, we conclude that any defense available under § 4–2–725, was presented much too late, and we will not consider it on review. *Knighton v. Howse, supra.*

### III.

Wards also argues that the trial court erred in ruling that evidence of plaintiff's comparative negligence could not be presented on the claim of breach of implied warranty. We perceive no error.

 This action was commenced before July 1, 1981, and therefore, § 13–21–406, C.R.S. (1984 Cum.Supp.) which applies to comparative fault in product liability actions, is inapplicable. Prior to the enactment of this statute, the defense of contributory negligence did not apply to claims based on breach of warranty. *See Hensley v. Sherman Car Wash Equipment Co.,* 33 Colo.App. 279, 520 P.2d 146 (1974); *see also CJI–Civ.* 14:17 (1980) (Notes on Use). Accordingly, the refusal of the trial court to allow evidence of plaintiff's comparative negligence was proper.

### IV.

Wards claims that the court erred in permitting plaintiff's expert to testify concerning the condition of the sofa. We are not persuaded by this argument.

 The trial court has broad discretion in determining the qualifications of an expert and the admissibility of expert evidence. *Stark v. Poudre School District R–1,* 192 Colo. 396, 560 P.2d 77 (1977); *Andrikopoulos v. Broadmoor Management Co., Inc.,* 670 P.2d 435 (Colo.App. 1983); *see* CRE 702.

Here, plaintiff introduced the testimony of an expert qualified in the field of testing for product safety. Wards did not voir dire this witness nor object to his qualification as an expert. The expert testified as to the structure and measurement of the couch, the content of the metal, and the affect of over-sized screws and glue on the buckling of the metal strip. He ultimately concluded that the couch was unreasonably dangerous.

 We perceive no abuse of discretion in the admission of this testimony as it may have assisted the jury in understanding the evidence or determining the danger posed by the couch as it existed at the time of plaintiff's injury. The fact that the expert's opinion embraces an ultimate issue to be decided by the jury does not affect its admissibility. *See* CRE 704.

### V.

 Wards attacks a number of instructions given by the court to the jury. We conclude that the instructions, when read as a whole, adequately and correctly informed the jury as to the law applicable to the case. *See Hotchkiss v. Preble,* 33 Colo.App. 431, 521 P.2d 1278 (1974). Accordingly, there was no reversible error merely because there may have been some overlapping or repetition in the instructions. Nor was it error for the court to refuse Wards' tendered instruction that injury alone does not prove that the product is defective or unreasonably dangerous. In addition, three of the objected to instructions related to the claim of strict liability. The jury returned its verdict for plaintiff on the implied warranty claim only, and hence, any error with respect to the instructions on strict liability was harmless. *See* C.R.C.P. 61.

### VI.

Wards also contends that the evidence did not support an instruction that allowed the jury to take impairment of earning capacity and future medical expenses into consideration in determining damages. We do not agree.

Plaintiff had not worked prior to her injury. After her injury she was employed as a babysitter, as a typist, as a telephone operator, and as an employee at a nursery

in a bowling alley. Plaintiff testified that because of her injury she is unable to perform certain jobs which require her to be on her feet.

Wards argues that there was no evidence to show that plaintiff had the ability before the injury to perform those jobs which, because of her injury, she is now unable to perform. Nor, Wards contends, was there any evidence to indicate that those jobs that plaintiff cannot perform pay more than those that plaintiff is able to perform. However, it is not necessary for plaintiff to show that prior to the injury she could have performed jobs requiring her to be on her feet, or that she could have earned more money if she had not been injured. Rather, if there is evidence of permanent disability, a court may instruct the jury on impairment of future earning capacity. *Phillips v. Monarch Recreation Corp.,* 668 P.2d 982 (Colo.App. 1983); *Kitto v. Gilbert,* 39 Colo.App. 374, 570 P.2d 544 (1977). Here, there was evidence and testimony by experts regarding the permanency of plaintiff's injury, and thus, the court acted correctly in submitting an instruction on diminished earning capacity to the jury.

Moreover, we perceive no error in including future medical expenses in the damages instruction. Regardless of whether plaintiff will require future surgery or therapy, there was evidence of other medical expenses, including prescriptions for pain, upon which a reasonable estimate of plaintiff's future medical expenses could be made. *See Phillips v. Monarch Recreation Corp., supra.*

### VII.

Wards contends that the damages awarded plaintiff were excessive as a matter of law. We disagree.

The determination of damages in a personal injury case is within the sole province of the jury, and absent a showing that the amount awarded by the jury is the result of passion and prejudice or is grossly and manifestly excessive, the award will not be disturbed on review. *Bohlender v. Oster,* 165 Colo. 164, 439 P.2d 999 (1968); *Cheney v. Hailey,* 686 P.2d 808 (Colo.App. 1984).

Here, there was evidence showing that the pain and swelling connected with plaintiff's injury were permanent, that as a result of the injury plaintiff could not perform certain kinds of work, that plaintiff could not wear closed-heel shoes, that plaintiff, in an attempt to alleviate the pain, altered the way she had walked prior to the injury which, in turn, had caused more stress on other parts of the leg, and that plaintiff was no longer able to partake in recreational activities in which she had engaged prior to the injury. Under these circumstances, we cannot conclude as a matter of law that the amount of damages awarded, although large, is grossly and manifestly excessive or is the result of passion and prejudice.

Judgment affirmed.

BABCOCK and METZGER, JJ., concur.