## No. 13,151.

WEICKER TRANSFER AND STORAGE COMPANY *v.* BEDWELL.

(35 P. [2d] 1022)

Decided July 9, 1934.   Rehearing denied September 10, 1934.

Mr. William E. Hutton, Mr. David P. Strickler, Mr. J. A. Carruthers, Mr. Bruce B. McCay, for plaintiff in error.

Mr. Leon H. Snyder, Messrs. Strachan & Horn, for defendant in error.

*In Department.*

Mr. Justice Bouck delivered the opinion of the court.

The defendant in error Bedwell obtained in the district court a verdict and a judgment amounting to approximately $15,000 against the plaintiff in error company, which asks for reversal.

The case arises out of an automobile collision charged to the company's negligence. The accident occurred on the night of March 7, 1931. The cars involved in the transaction were the company's truck, moving southward on the paved highway between Denver and Colorado Springs, and a Ford coupe, which was moving northward on the same road with a Ford tudor in tow. The plain-

tiff was a passenger in the coupe. The collision came at a point between 10 and 15 miles north of Colorado Springs. The alleged errors assigned by counsel for the plaintiff in error company, as marshaled in their brief, are substantially these: (1) Refusal to direct a verdict in favor of the company. (2) Refusal to submit the issue of contributory negligence. (3) Submitting to the jury the plaintiff's allegation (in the statement of issues as given in instruction 1) that the company was negligent in operating its truck at a rapid and excessive speed. (4) Submitting to the jury the plaintiff's allegation (in the statement of issues as given in instruction 1) that the company was negligent in operating its truck without headlights. (5) Refusing to give tendered instruction No. 5. (6) Excluding evidence, (a) by ruling out the company's Exhibit 24, also referred to as plaintiff's Exhibit A and as Exhibit Z, and refusing to admit said exhibit in evidence as part of the testimony of plaintiff on cross-examination; and (b) by sustaining plaintiff's objection to a certain question propounded during the cross-examination of the witness Bailey. (7) Denying the company's motion for a new trial. We shall deal with these in the above order.

1. The district court was right in refusing to direct a verdict for the company. Stress is laid by counsel upon the physical evidence in the case. A strong argument is based upon the condition, appearance and positions of the cars and broken parts from these, after the accident, and upon certain marks claimed to have been made on the pavement and elsewhere by the cars and by escaping oil, some of this physical evidence being actually before us for our inspection, while some of it is described by witnesses and some is represented by photographs identified by witnesses and admitted in evidence. However, in the last analysis, these concrete items are not of themselves conclusive evidence as to what happened. Their relation to one another, their mutual interaction, indeed the authenticity of their present condition, in some

instances their very identity, and, as to the photographs, the integrity, accuracy, and interpretation of the latter, —all these things stamp the case as being no real exception to the ordinary case of conflicting evidence.

2. There was no error in declining to instruct on contributory negligence of the plaintiff. In the entire record there is no substantial evidence of any kind to support such an issue. We have carefully considered the reasoning on this point and the evidence referred to, but find no prejudicial error in ruling out the issue of contributory negligence.

3. The trial court properly submitted to the jury, as one of the issues made by the pleadings, the matter of the company's alleged negligence because of excessive speed in operating its truck. There was evidence pro and con. It was for the jury to determine the weight and the credibility.

4. Similar was the trial court's proper submission of the issue relative to whether the company operated its truck without headlights and was negligent in so doing. This, too, was a question for the jury.

5. Error is assigned on the refusal of the following instruction, tendered by the company as its No. 5: "You are instructed that if you believe that the testimony of any witness is contrary to or inconsistent with the physical facts which you find from the evidence existed at the time and place of the accident, such physical facts should control your conclusions." It will be observed that this is in no sense an essential instruction. While the giving of it might not have constituted error, it seems clearly from our Colorado standpoint the better practice not to give it. The given instructions are sufficiently full. The special force and meaning of physical evidence are more legitimately for counsel to explain and emphasize before the jury in arguments applying the fundamental principles of evidence to the particular case.

6. Complaint is made that evidence was erroneously excluded. (a) Even though we assume, without

deciding, that the court ought to have admitted the company's Exhibit 24 (known also as plaintiff's Exhibit A and as Exhibit Z) when first offered in evidence, yet that error, if such it be, was cured at the close of the trial by the court's order admitting all exhibits offered by either side (Abstract of Record, folio 1149). No prejudice is shown to have resulted from the delay. (b) The question propounded on cross-examination of plaintiff's witness Bailey, objected to and excluded, was this: ''Isn't that a conclusion of yours, to be perfectly fair, since the time of the accident, rather than any observation made that night''? Not only does it partake of the argumentative, which was the ground of the objection, but it calls for the witness's mere opinion as to his own testimony. In so far as the question was something more, and was aimed at procuring admissible evidence, the ruling did not prohibit properly eliciting any desired information by dividing the question or reframing it. There was no error in these exclusions.

7. Denial of the company's motion for a new trial was within the sound discretion of the trial court. Two points not discussed in the foregoing paragraphs 1 to 6 are made by counsel in this connection. First, it is said the verdict is excessive; but where, as in the case at bar, the damage proved includes the loss of a leg by a plaintiff 45 years of age, we do not regard the award of something like $15,000 as large enough to entitle the defendant to a new trial. Secondly, it is urged that the closing argument by one of the attorneys for the plaintiff inflamed the jury's prejudices by leading the jury to believe that the company's officer Burroughs had bribed a witness to stay away from the trial. No objection was made to this argument at the time, and apparently the trial judge had no reasonable opportunity to stop counsel, to warn the jury to disregard what was said, or to administer a reprimand if necessary. Aside from this, however, the statement of counsel was merely by way of rhetorical illustration and appeal to what counsel viewed

as ordinary human probabilities. It did not purport to be an assertion of fact. No prejudice is indicated as resulting therefrom, and nothing distinguishes the utterance from a zealous attorney's permissible advocacy of his client's cause.

After due consideration of all the objections made by counsel to the verdict and the judgment, we are of opinion that these are correct.

Judgment affirmed.

Mr. Justice Butler, sitting for Mr. Chief Justice Adams, and Mr. Justice Hilliard concur.