374 F.2d 961
 Norman R. POOL, Jr., Appellant,
v.
Dominic LEONE, Individually and doing business as Dominic
Leone ConstructionCompany, and Dominic Leone
Construction Company, a Colorado
Corporation,Appellees.
 No. 9056.
 United States Court of Appeals Tenth Circuit.
 March 16, 1967, Rehearing Denied April 19, 1967.
 
 Charles J. Onofrio, Denver, Colo. (James B. Radetsky, Denver, Colo., on the brief), for appellant.
 Leonard V. Carlin, of Zarlengo, Mott & Carlin, Denver, Colo., for appellees.
 Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 This is an appeal from a defendant's judgment upon a jury verdict in an action brought to recover damages for personal injuries resulting from an automobile accident. Two jury trials have been had in the case. The first trial resulted in a verdict for the plaintiff which was overturned by the granting of a new trial. At the second trial the jury returned a verdict in favor of appellee-defendant. Appellant attacks the validity of the order granting the new trial, the judgment upon the jury verdict after the second trial, and the denial of his motion for a new trial thereafter.
 
 
 2
 Appellee is a road contractor and, pursuant to a contract with the Colorado Highway Department, was resurfacing U.S. Highway No. 287 in the area of Campos, Colorado. The contract called for the laying of a 2 inch oil mat over the old highway surface and for no other construction work on the highway, shoulders or ditches. On the date of the accident, the southbound lane of the highway had been resurfaced from the north to a point south of the scene of the accident and the new surface in the northbound lane of traffic had been laid from the north to a point 75 to 100 yards north of the scene of the accident.
 
 
 3
 The accident occurred on May 1, 1964, at a point approximately 5.8 miles south of Campos on Highway 287. Resurfacing of the highway in the area near this point had been done during this day and at the end of the work-day employees of appellee-defendant left a 12,000 pound road roller standing on the dirt to the east of the traveled portion of the highway with no lights or warning signs around it. The oral testimony is conflicting as to the distance from the east edge of the highway surface to where the roller stood.
 
 
 4
 Appellant-plaintiff driving from Rocky Ford, Colorado, to Stratford, Texas, ate his evening meal at Springfield, Colorado, about 9:00 p.m. and then drove south on Highway 287. Because of injuries received in the accident, he remembers no events after commencing his journey south from Springfield. The physical facts in the area of the accident show tire marks of his car leaving the traveled portion of the highway on the east side about 177 feet north of the parked road roller and running south on the dirt about parallel with the east side of the old asphalt road-bed and up to the point where appellant's automobile struck the roller. Just immediately prior to striking the roller the front wheels had been turned some to the right and after the impact the right front wheel was near the east edge of the asphalt surface. These tire marks show that the car left the traveled portion of the highway at a point north of the road roller where the new surface had been laid in both lanes of travel.
 
 
 5
 We will first consider appellant's attack upon the order granting a new trial after the plaintiff's verdict was returned at the end of the first trial. After this verdict the defendant, appellee here, timely filed a 'Combined Motion For Judgment Non Obstante Verdicto, New Trial, and Motion under Rule 50(b) For Directed Verdict and Other Relief.' This motion was an alternative one and the grounds alleged covered nearly every conceivable trial deficiency that could constitute a ground for a new trial. We need not enumerate all of the grounds alleged to support the order, but among them were: That the verdict was contrary to the law and the evidence; that plaintiff failed to prove either negligence on the part of defendant or proximate cause; and, that plaintiff was guilty of negligence and contributory negligence under the proof.
 
 
 6
 Rule 59(a), F.R.Civ.P., provides for the granting of new trials in actions tried to a jury for any of the reasons new trials were granted in the Courts of the United States prior to the adoption of the rule. All of the grounds set out above and alleged by defendant in his motion for new trial are grounds recognized at common law and in the courts of the United States prior to the adoption of Rule 59(a) as proper grounds for the granting of a new trial.
 
 
 7
 A motion for a new trial is addressed to the sound discretion of the trial court and an order on such a motion is generally not reviewable except when the trial judge acts under a mistake of law, lacks power to grant the motion, fails to exercise his discretion or abuses his discretion.[1]
 
 
 8
 We have no difficulty in sustaining the granting of the motion for new trial on the basis that it was a discretionary act of the court grounded on the alleged insufficiency of plaintiff's evidence to make a case.[2] The defendant, at the close of plaintiff's evidence, had moved for a directed verdict on this ground, had renewed it at the close of all of the evidence and embodied it in his motion for a new trial. We will not prolong this opinion by a recitation of the evidence on behalf of the plaintiff but we have carefully read the transcript of all of the evidence and are convinced that the trial court, within his discretion, acted judiciously in granting the new trial. Admittedly, the plaintiff was far from his own proper lane of traffic and driving off of the traveled portion of the highway on his own left side when the accident took place. Without any further explanation, under the Colorado law, the accident was caused by plaintiff's own negligence.[3]
 
 
 9
 Appellant also argues that the new trial was granted on grounds not alleged in the motion for a new trial, solely upon the trial judge's belief that he had erroneously instructed the jury and beyond the 10 days after judgment during which time the court may grant a new trial on its own initiative under Rule 59(d), F.R.Civ.P. To support this argument he quotes comments by the trial judge from the bench. If we do not look beyond these quoted remarks, which are taken out of context, there would be some substance to the argument. After arguments were had upon the motion for judgment n.o.v. or for a new trial, a lengthy discussion of many phases of the trial ensued between court and counsel. The trial judge expressed numerous thoughts about the case but at the conclusion of the discussion he stated: 'I still have some doubt as to whether the plaintiff established by sufficient evidence their case to properly send it to the jury, but because of the other circumstances and the whole of the situation, it is my judgment, and I say this after having given it considerable thought, that the fairest, most just and proper approach in this case is to set aside the verdict and to grant a motion for a new trial.' This clearly reflects that the new trial was granted because of the insufficiency of plaintiff's evidence, which was one of the grounds specified in the motion for new trial. In addition, the formal order granting the new trial recites, 'That Defendant's motion for new trial be granted * * *.' This clearly reflects that the new trial was granted pursuant to defendant's motion and not on the initiative of the trial judge.
 
 
 10
 We now pass to appellant's attack upon the conduct of the second trial, which may be summarized: Error in restricting cross-examination of highway engineer Keller; error in admitting testimony concerning the terms of the contract between the Colorado Highway Department and defendant; error in the failure of the trial judge to instruct the jury as to plaintiff's theory of the case; and error in failing to give plaintiff's requested instruction on 'amnesia'.
 
 
 11
 The last two enumerated points may be quickly disposed of. Under Rule 51, F.R.Civ.P., objections to instructions must be made after the instructions are given and before the jury retires to deliberate. The failure to make this timely objection constitutes a waiver and precludes this court from reviewing the instructions. Even when requested instructions have been submitted to the trial judge, the mere refusal to give them does not form a basis for review of such failure. In compliance with Rule 51, the record must show an objection to the refusal made before the jury retires.[4] The record here shows requests were made for instructions on the two points raised by submitting requested instructions, the court advised counsel he had received them and ruled upon them but on objection was made to the court's ruling.[5]
 
 
 12
 Little need be said about the alleged error in limiting appellant's cross-examination of witness Keller. The scope and limitation of cross-examination lies within the sound judicial discretion of the trial judge.[6] We have read the entire record before us as to Keller's testimony, including the direct and cross-examination. It is true, as appellant points out, the trial judge sustained an objection to a question propounded on cross-examination. This question embodied observations of other highways made by the examining counsel and was immaterial as to the issues here and outside the scope of the direct examination. The objection was correctly sustained and we find no basis for this alleged error.
 
 
 13
 Appellant also alleges trial error in the admission of evidence concerning the construction contract between defendant and the Colorado Highway Commission. First, we should point out that the rules of evidence applicable to trials in a state court are not necessarily applicable here because the Federal Courts are admonished by Rule 43(a) to follow the statute or rule which favors the reception of evidence. In the trial of this case, appellant was attempting to fix a legal duty upon the defendant to erect signs warning the traveling public of the existence of this construction project. To counter this, the defendant-appellee produced testimony showing he was precluded by contract from putting up any signs along the project. The issue had been raised by appellant and appellee was clearly entitled to meet it by any relevant and material evidence. The provisions of the contract testified to were relevant and material and error was not committed by receiving such evidence.
 
 
 14
 Affirmed.
 
 
 
 [1]
 6 Moore, F.P. P59.08(5), p. 3816
 
 
 [2]
 United States v. Hess, 10 Cir., 341 F.2d 444
 
 
 [3]
 Jacobsen v. McGinnes, 135 Colo. 357, 311 P.2d 696; Ankeny v. Talbot, 126 Colo. 313, 250 P.2d 1019 and cases there cited
 
 
 [4]
 Dunn v. St. Louis-San Francisco Railway Company, 10 Cir., 370 F.2d 681; Pridgin v. Wilkinson, 10 Cir., 296 F.2d 74
 
 
 [5]
 The record shows the following colloquy between court and counsel for plaintiff-appellant at the bench after the jury had been instructed:
 'THE COURT: Are there any objections to the instructions as given?
 'MR. ZARLENGO: Yes, we have some objections, Your Honor.
 'THE COURT: Well, we will start with the plaintiff.
 'MR. WHITMAN: Well, we would object to the instructions with respect to the statute-- let's see-- you gave speed-- I am trying to think of the word, Your Honor, not speed or left side-- what was the third one?
 'THE COURT: Posted speed limit? Posted speed limit and then excessive speed, and unmarked lines and driving on the other side of the road.
 'MR. WHITMAN: Is that all you gave? I thought you gave another one that they asked for.
 'THE COURT: Let me check. Maybe I did.
 'MR. CARLIN: No, I think you didn't.
 'THE COURT: I think not. Excessive speed, posted speed limit, right side of the road.
 'MR. WHITMAN: Then we won't present any objection to the charge as given.'
 
 
 [6]
 Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610, cert. denied, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710; Jennings v. United States, 10 Cir., 364 F.2d 513 and cases there cited