**BRECKENRIDGE LANDS, INC., Petitioner,**

**v.**

**Arthur E. SABO and Mildred Sabo, and William E. Doyle, Judge, United States District Court, Respondents.**

**No. 9173.**

United States Court of Appeals
Tenth Circuit.

April 24, 1967.

Sheldon & Nordmark and Richard C. McLean, Denver, Colo., for petitioner.

Hindry, Erickson & Meyer and James J. Morrato, Denver, Colo., for respondents.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

LEWIS, Circuit Judge.

This case reaches us by way of application for a writ of certiorari or alternatively for a writ of mandamus pursuant to procedures in accord with those allowed in Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610, cert. denied 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710. Petitioner, defendant in an action for personal injuries tried in the District Court for the District of Colorado, asserts that the trial court granted a new trial more than ten days after entry of judgment on a jury's verdict for defendant on May 27, 1966, on grounds not at any time raised or asserted by the plaintiffs. Petitioner asserts that the trial court was without jurisdiction to grant a new trial on its own motion in view of Rule 59(d), Fed.R.Civ.P., as that rule was then constituted. More specifically, petitioner asserts that the trial court granted a new trial for failure to instruct upon the doctrine of last clear chance, an issue neither pleaded nor inserted by request of plaintiffs.

The factual background of the case, the pertinent instruction of the trial court, and the court's reasons for granting a new trial are comprehensively set out in the trial court's memorandum opinion and order. D.C., 255 F.Supp. 602. Plaintiffs below, in their timely motion for new trial, had asserted error in the giving of the subject instruction, claiming it to be too complex and that the instruction on contributory negligence should not have been given at all.

It seems clear to us that the trial court ruled upon plaintiffs' motion for new trial directly, as the memorandum opinion so states, 255 F.Supp. at 607, but in so doing rejected plaintiffs' arguments as to why the subject instruction was erroneous in law. The trial court held that its instruction was incomplete and therefore in error. By so doing the court did not order a new trial upon its own motion but properly exercised a judicial function directly within its jurisdiction. A meritorious claim of error need never be considered strictly within the limits of the arguments of counsel. Reference in the court's memorandum to authorities discussing contributory negligence in relation to the doctrine of last clear chance do not affect the essence of the court's ruling nor the jurisdiction to so rule. See Pool v. Leone, 10 Cir., 374 F.2d 961, decided March 1, 1967.

The petitioner's application for extraordinary relief is denied.