## No. 22213.

### ADOLPH BOHLENDER *v.* JAMES LEROY OSTER.
(439 P.2d 999)

Decided February 26, 1968.    Rehearing denied May 13, 1968.

Wm. Albion Carlson, for plaintiff in error.

Kripke, Hoffman & Friedman, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

James LeRoy Oster filed a complaint against Adolph Bohlender in which he sought to recover compensatory and exemplary damages which allegedly resulted from an assault and battery committed by Bohlender on May 7, 1963.

The defendant Bohlender denied the allegations of the complaint, and by counterclaim alleged that Oster himself was guilty of assault and battery at the time and place identified in the complaint, as a result of which he (Bohlender) suffered injuries and damages. He, too, sought compensatory and exemplary damages. Two additional counterclaims were made by Bohlender in which he sought injunctive relief to prevent the continuance of alleged unlawful conduct by Oster amounting to an "interference" with his irrigation ditches and water rights. Admittedly the second and third counterclaims were based on events which took place on various dates substantially prior to the events on which the complaint was based, and at places other than those involved in the affray giving rise to the filing of the complaint.

On motion of counsel for Oster the trial court dismissed the second and third counterclaims as not being proper for inclusion, either as a compulsory or a permissive counterclaim under the provisions of R.C.P. Colo. 13(a) or 13(b).

The issues relating to the charge and countercharge

of assault and battery were tried to a jury and resulted in a verdict in favor of Oster for the sum of $18,500 actual and $2,500 exemplary damages. Final judgment entered on the verdict.

As grounds for reversal it is argued that:

1. The trial court erred in dismissing the second and third counterclaims.

2. The trial court erred in denying Bohlender's motion for directed verdict.

3. Error was committed in admitting photographs of the area where the altercation took place, and by the admission of a shirt, worn by Oster at the time, which was covered with blood.

4. The verdict of the jury was excessive, and was the "result of passion, prejudice and a misconception by the jury of its duties and obligations under the law."

5. In several particulars (which are mentioned for the first time in this court) various instructions given to the jury caused it to be misled and to misconceive "its duties and functions under the law."

It needs only to be said with reference to point 1 above that the injunctive relief sought by Bohlender, allegedly arising out of events unrelated to the event in the complaint, did not require a ruling that the alleged claims were "compulsory counterclaims" within R.C.P. Colo. 13(a). The court did not abuse its discretion in declining to consider them as "permissive counterclaims" as that term is defined by R.C.P. Colo. 13(b).

With reference to the admission of the photographs taken both on the ground and from the air, no error was committed. They were accurate representations of the terrain immediately surrounding the place where the parties engaged in their affray, and minor differences in the conditions existing at the time the pictures were taken (such as whether a certain headgate was open or closed) were fully explained by the testimony.

The bloody shirt, which was admitted in evi-

dence over Bohlender's objection that it was inflammatory, was identified by Oster as "the T shirt I was wearing when Adolph Bohlender clubbed me." The evidence established that the various injuries and lacerations about Oster's head required numerous stitches by a physician to facilitate healing. There was no error in the admission of the bloody shirt in evidence. It has been consistently held by this court that competent evidence is not to be held inadmissible because it may "reveal shocking details" of the incident forming the basis of the issue to be determined by the jury. *Monge v. People,* 158 Colo. 224, 406 P.2d 674; *People v. Spinuzzi,* 149 Colo. 391, 369 P.2d 427.

▬▬ With reference to the argument that the verdict is excessive, we cannot say as a matter of law that the judgment should be set aside on any such ground. A jury whose exclusive province it is to fix the amount of damages is clothed with a wide discretion in fixing the amount of damages it will award in an action of this kind where personal injuries have been sustained, and its award will not be disturbed on review unless the amount awarded is grossly and manifestly excessive — or inadequate as the argument may be in a given case. *Preuss v. Schoonover,* 154 Colo. 531, 391 P.2d 880; *Bigler v. Richards,* 151 Colo. 325, 377 P.2d 552.

▬▬ On the question as to whether error was committed in connection with the instructions given, it is sufficient to say that they were examined by counsel at the trial and no objections were made to them. The trial court was not afforded an opportunity to meet any of the objections to the instructions which are made here. Generally, the applicable law was correctly applied to the issues as made by the evidence. Objections made to instructions for the first time in this court will ordinarily receive no consideration. It is only under unusual circumstances, not present in this case, that a reversal will follow the giving of an instruction to which no objection was made at the trial. We think it should

be said that counsel appearing for Bohlender in this court did not represent him at the trial.

The judgment is affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.