489 P.2d 1056 (1971)
Ira HOWELL, Plaintiff in Error,
v.
Carolyn CUSSONS, Defendant in Error.
No. 71-068, (Supreme Court No. 24437.)
Colorado Court of Appeals, Div. II.
July 20, 1971.
As Modified on Denial of Rehearing August 17, 1971.
Certiorari Denied November 1, 1971.
William J. Madden, Denver, for plaintiff in error.
Gerash & Kaiser, Walter L. Gerash, Denver, for defendant in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was transferred from the Supreme Court pursuant to statute.
This is an action to recover damages for personal injuries incurred in an automobile accident. Plaintiff in error Howell was the defendant below and will be referred to as such or by name. Defendant in error Cussons will be referred to as plaintiff or by name.
Cussons alleged that Howell had negligently struck her automobile from the rear causing her injury. After hearing the evidence the judge directed a verdict against *1057 Howell on the issue of negligence but left the question of proximate cause and damages to the jury. The jury returned a verdict in favor of the plaintiff and awarded damages in the amount of $15,750. From the judgment on this verdict the defendant brings this appeal alleging ten points of error. We affirm the trial court.
Howell alleges that the court erred in allowing a chiropractor to give an opinion as to the permanent disabilities of the plaintiff. The witness had been qualified as a chiropractic expert and the opinion was expressed within the limits of "reasonable chiropractic probability." While there are no Colorado cases in point this situation has been passed on many times by other jurisdictions.
In Watson v. Ward, 423 S.W.2d 457 (Tex.Civ.App.), the court said,
"The objection does not dispute that the doctor is qualified to practice his profession, but that a chiropractor is not qualified to testify that the injury to appellee is permanent, and that opinions of future disability must be based on reasonable medical probability, and not on the opinion of a chiropractor.
The doctor diagnosed the appellee's injury as that commonly known as a whiplash, involving only the muscles, blood vessels, nerves and vertebrae in and around the neck. The doctor is not qualified to operate on the human body, nor is he qualified to write prescriptions for medications. The only treatment given appellee by the doctor was the manipulation of the vertebrae and affected parts with his hands, and the application of heat treatments.
We are of the opinion that the doctor's evidence is admissible."
Accord, Guiley v. Lowe, 314 S.W.2d 232 (Mo.); Fries v. Goldsby, 163 Neb. 424, 80 N.W.2d 171; Lowman v. Kuecker, 246 Iowa 1227, 71 N.W.2d 586; Taylor v. Maxwell, 197 Kan. 509, 419 P.2d 822; Carvell v. Winn, 154 So.2d 788 (La.App.).
The objections raised by the defendant go to the weight to be given to the evidence and not to its admissibility. The testimony was properly admitted.
The trial court's failure to give two of defendant's tendered instructions is urged as error. The first instruction stated, "You are instructed that you may infer from the Plaintiff's failure to call her present treating physician, that his testimony would be adverse to her contention." The court properly rejected this instruction. Colorado Jury Instructions 3:11 states that no such instruction should be given. The second tendered instruction as to conjecture or speculation was incorrect as tendered and went beyond the proper instruction as set forth in Colorado Jury Instructions 3:3. It was properly refused.
Howell further argues that the damages found by the jury were excessive. On this question our Supreme Court has repeatedly stated that the trier of facts is clothed with a wide discretion in fixing the amount of damages in an action involving personal injuries and the award will not be disturbed on review unless it is grossly and manifestly excessive (or inadequate). Bohlender v. Oster, 165 Colo. 164, 439 P.2d 999. Although we might have awarded a different amount, we cannot say that the sum awarded was "grossly and manifestly excessive."
The final allegation of error with which we will deal has to do with the trial court's limitation on the use of a deposition in the defendant's cross-examination of the plaintiff. The defendant urges that error was committed by the court's refusal to let the plaintiff's deposition be used more fully in cross-examination to show prior inconsistent statements by the plaintiff.
The scope and limitation of cross-examination lie within the sound discretion of the trial court. Carsell v. Edwards, 165 Colo. 335, 439 P.2d 33; Pool v. Leone, 10 Cir., 374 F.2d 961. In attempting to impeach a witness on cross-examination through the use of prior inconsistent statements it must be established that the prior statement is inconsistent, and that it is inconsistent as to a material fact. As was *1058 stated in Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931, 62 A.L.R.2d 1344:
"It is * * * an elementary rule of evidence that prior statements may be used to impeach the credibility of a * * * witness. But this can be done only if the judge is satisfied that the prior statements are in fact inconsistent. 3 Wigmore, Evidence, § 1040."
In the instant case the trial court did not abuse its discretion in limiting the use of the deposition to prior inconsistent statements.
We have examined the other errors asserted by Howell and find them without merit.
Judgment affirmed.
ENOCH and DUFFORD, JJ., concur.