495 P.2d 1142 (1972)
David GOURDIN, Plaintiff-Appellee,
v.
Robert WALLER and Technical Equipment Corporation, a Colorado corporation, Defendants-Appellants.
No. 71-186.
Colorado Court of Appeals, Div. II.
April 4, 1972.
*1143 Robert Bugdanowitz, Daniel S. Hoffman, Denver, for plaintiff-appellee.
Thomas W. Gibb, Denver, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
This is a personal injury action arising out of an automobile collision. Defendants' amended answer admitted liability but denied the extent and permanency of the injuries and damages. In the pretrial order, it was stipulated by the parties that:
". . . [P]laintiff will not in his presentation of evidence inquire into the activities of the defendant, Waller, prior to and leading up to the accident which is the subject of this litigation during the course of trial, and that the evidence presented in the trial will be limited to such evidence as the court rules is relevant on the issues of the nature and extent of the injuries and damages sustained by the plaintiff."
Upon trial to a jury, verdict was reached in favor of plaintiff. Defendants here appeal, asserting numerous grounds as error.
They first assert that the trial court erred in admitting into evidence photographs of the damaged vehicle and testimony regarding the speed of defendant Waller's vehicle at the time of impact. It is defendants' position that, in view of the admission of liability and the above stipulation, this evidence was prejudicial, cumulative, and irrelevant. We disagree. Although no direct Colorado authorities have been cited for the proposition, the weight of authority in other jurisdictions is that evidence of circumstances surrounding an accident is admissible where relevant to the probable extent of personal injuries. E. g., Phillips v. Lawrence, 87 Ill.App.2d 60, 230 N.E.2d 505; Murray v. Mossman, 52 Wash.2d 885, 329 P.2d 1089; Martin v. Migueu, 37 Cal.App.2d 133, 98 P.2d 816; see Annot., 80 A.L.R.2d 1224 and Bruckman v. Pena, 29 Colo.App. 357, 487 P.2d 566.
In the case at hand, the accident involved a head-on collision resulting in serious injury to plaintiff's feet which were driven through the floorboard of his vehicle. We find no error in the trial court's determination that evidence of speed and angle of impact were probative factors directly relating to the nature and extent of the injuries. The principal issue in this action was whether the injuries complained of, their severity, and their permanency, were proximately caused by this accident. Nothing in the wording of the stipulation bars the application of accepted rules of evidence *1144 to the determination of the nature and extent of those injuries and damages.
Defendants next contend that the trial court erred in instructing the jury that it could assess damages for the value of time lost prior to trial and for loss of future earnings. It is defendants' position that these instructions were unsupported by the evidence and that the uncontroverted evidence shows that plaintiff's earnings increased after the accident. Contrary to this assertion, we find that the instructions were fully supported by evidence presented at trial. Prior to the accident, plaintiff was employed as a salesman. While recuperating from his injuries, his clients were served by fellow salesmen pursuant to a company policy. If and when plaintiff returns to work, there is evidence that his future earnings will be decreased by his impaired physical condition and reduced mobility. The instruction allowing the assessment of damages for the value of time lost prior to trial was supported by evidence indicating that subsequent to the accident plaintiff was unable to perform his function as a duty officer for his employer and that his income for this activity was lost.
Further, defendants contend that the $106,000 verdict herein was excessive. We disagree. At the time of trial, plaintiff had a life expectancy of 25.27 years. The record shows that plaintiff's ankles and feet were crushed in the accident and that he has sustained a permanent and severe disability which has involved extreme pain. Hospital and other medical expenses have been extensive. Expert testimony further revealed the probable necessity of three more surgical procedures which would relieve some pain but result in further stiffening of the joints affected. Testimony also indicated that plaintiff's disability will impair his future earnings as a salesman and his previously extensive recreational activities.
The trier of fact is clothed with a wide discretion in fixing the amount of damages in an action involving personal injuries and the award will not be disturbed on review unless it is grossly and manifestly excessive. Gibbons v. Choury, 169 Colo. 267, 455 P.2d 649; Bohlender v. Oster, 165 Colo. 164, 439 P.2d 999. Under the evidence presented in this case, we cannot say, as a matter of law, that the verdict was excessive.
Judgment affirmed.
COYTE and ENOCH, JJ., concur.