510 P.2d 1376 (1973)
David J. DAVIS, Plaintiff-Appellee,
v.
FORTINO & JACKSON CHEVROLET COMPANY, a co-partnership, and Jerry Chavez, Defendants-Appellants.
No. 72-187.
Colorado Court of Appeals, Div. I.
April 17, 1973.
Rehearing Denied May 8, 1973.
*1377 Louis J. Stuart, Pueblo, for plaintiff-appellee.
Sheldon, Bayer, McLean & Glasman, Richard H. Glasman, Denver, for defendants-appellants.
Selected for Official Publication.
COYTE, Judge.
Plaintiff, David J. Davis, sustained injuries when his motorcycle collided with a delivery pickup truck owned by defendant Fortino & Jackson Chevrolet Company, and driven by a company employee. Plaintiff brought an action for damages for personal injuries which was tried to a jury in the district court of Pueblo County. The jury returned a verdict for $150,000 in favor of plaintiff. Defendants appeal, alleging that the court should have granted their motion for a mistrial at the conclusion of voir dire examination of the jury, that the court erred in refusing to give a requested instruction, and that the verdict was grossly excessive. We disagree and affirm the judgment.
Plaintiff's counsel on voir dire inquired of two individual jurors, and then the entire panel collectively:
"Are you now or have you ever been an agent, stockholder, or employee, or policy holder in the Reliance Insurance Companies, which consist of the Reliance Insurance Company, Reliance Standard Life Insurance Company, or the Planet Insurance Company?"
*1378 When concluding his examination he again repeated the above question to the panel. Defendants then moved for a mistrial out of the presence of the jury. The court denied the motion, stating:
"I think the manner in which the question was asked was proper, and I know that he had the right to ask each one of them individually, but then after inquiring from the first two, he asked them collectively. I think that's probably proper. Of course, I think his last comment was to more or less wrap up on his voir dire, and I don't see where that overstepped the bounds. Your objection will be overruled."
It is well established that the so called "insurance question" may be asked of prospective jurors on voir dire; Spillane v. Wright, 127 Colo. 580, 259 P.2d 1078; Johns v. Shinall, 103 Colo. 381, 86 P.2d 605; Rains v. Rains, 97 Colo. 19, 46 P.2d 740; and it was not improper for plaintiff's counsel to ask each prospective juror individually a question that could be properly asked of the panel collectively. Potts v. Bird, 93 Colo. 547, 27 P.2d 745.
The court stated in Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185:
". . . As the conduct of the trial and the control of counsel in statements made to the jury are fully within the discretion of the court, and as the question whether a new trial should be granted for misconduct of counsel in his remarks to the jury rests in the sound judicial discretion of the trial court, its discretion will not be interfered with on writ of error unless it manifestly appears that such discretion has been abused."
There was no showing that plaintiff's counsel conducted his examination in bad faith or that prejudice resulted therefrom.
Defendants allege that the trial court erred in refusing to give their tendered instruction which provided that, if the jury should find in favor of the plaintiff, it "should not add any sum for income taxes as such an award is not taxable under federal and state tax laws." The subject matter of this tendered instruction is not covered in Colorado Jury Instructions as one to be given, and in any event it would have been improper for the court to have injected a wholly irrelevant issue. Further, if the jury had found for the plaintiff, it was properly instructed on the elements of damages to be considered in arriving at its verdict. The court properly refused the tendered instruction. See 63 A.L.R.2d 1393.
Defendants' third claim of error is that the verdict of the jury in the amount of $150,000 was grossly excessive and that a remittitur should be ordered or a new trial granted on the issue of damages.
Plaintiff was twenty years old at the time of the accident, had a high school education with a few semesters of college, and had no special skill or training. He had been employed at the C. F. & I. Steel Corp. doing heavy manual labor and was earning approximately $600 per month at the time of the accident.
As a result of the accident, plaintiff sustained a compound fracture of the distal shaft of the right femur. Surgery was performed and plaintiff remained in the hospital for approximately 43 days and was in a body cast for some time thereafter Later plaintiff underwent additional surgical procedures on his knee. Plaintiff's medical bills prior to trial amounted to approximately $4,164 and his loss of earnings to date of trial was estimated as $5,200.
Prior to the accident plaintiff had sustained two injuries to his right knee, neither of which was to the bone, resulting in a 10% total disability at the knee. Plaintiff's physician testified that plaintiff, as a result of the injuries sustained in the acciden, had a 50% disability of his right leg measured at the hip and a 20% disability of the body as a working unit. At the time of the trial he had a life expectancy of 49.46 years.
Medical experts for both sides basically agreed that plaintiff was no longer suited for heavy manual labor, that he would be *1379 more predisposed at an earlier age to the development of degenerative arthritis, and that permanent disability had occurred as a result of injuries from the accident which could never be corrected. They also agreed, however, that further corrective surgery was advisable, that if it were performed it would necessitate a recovery period of from four to six months, and that his future medical expense would be approximately $3,000.
The determination of the amount of damages to be awarded is within the sole province and sound discretion of the jury and will not be disturbed on review unless the verdict is grossly and manifestly excessive. Bohlender v. Oster, 165 Colo. 164, 439 P.2d 999; Gourdin v. Waller, 30 Colo.App. 498, 495 P.2d 1142; Howell v. Cussons, 29 Colo.App. 572, 489 P.2d 1056. Although we might have awarded a different amount, we cannot say that the sum awarded was "grossly and manifestly excessive".
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.