521 P.2d 1278 (1974)
Jana K. HOTCHKISS, by her father and next friend, C. W. Hotchkiss, et al., Plaintiffs-Appellees,
v.
Deborah Ann PREBLE and Parker E. Preble, Defendants-Appellants.
No. 71-447.
Colorado Court of Appeals, Div. II.
April 9, 1974.
*1279 Harden & Napheys, Ralph B. Harden, Fort Collins, for plaintiffs-appellees.
Fischer & Wilmarth, Elery Wilmarth, Fort Collins, for defendants-appellants.
Selected for Official Publication.
SMITH, Judge.
The judgment in the within entitled matter was reversed by this court (Colo.App., 508 P.2d 397) and upon certiorari, the Colorado Supreme Court reversed this court's decision relative to the Colorado Guest Statute, and remanded the cause for determination of the remaining issues therein. Hotchkiss v. Preble, Colo., 519 P.2d 360, 1974. For a recitation of the facts of the case, reference may be made to the two prior opinions herein.
Defendants-appellants asserted three additional grounds for reversal other than the one on which we first disposed of the case. We find them each to be without merit and the original judgment entered by the trial court upon a jury verdict is affirmed.
It is asserted that inasmuch as contributory negligence and failure to mitigate damages had been pled as defenses, the trial court erred in limiting defendants' inquiries and comments relative to plaintiffs' use of seat belts. We have said that the failure of the driver or passenger of a motor vehicle to use a seat belt does not constitute negligence, contributory or otherwise, and the amount of damages awarded for negligence is not affected by, nor can it be reduced, because the injured party failed to wear a seat belt. Fischer v. Moore, Colo., 517 P.2d 458. The limited inquiry and comment which the court permitted in this case, although erroneous, obviously did not affect the result and was therefore harmless error.
Although the damages awarded were large, the injuries suffered by plaintiff were extensive and disabling, and the probability of future surgery and treatment were high. From a careful examination of the record we cannot say that the verdict was grossly and manifestly excessive. The determination of damages to be awarded is within the sole province and sound discretion of the jury and will not be disturbed on review unless grossly and manifestly excessive. Davis v. Fortino & Jackson Chevrolet Co., Colo.App., 510 P.2d 1376; Gourdin v. Waller, 30 Colo.App. 498, 495 P.2d 1142; Howell v. Cussons, 29 Colo. App. 572, 489 P.2d 1056.
Finally, we have read all of the instructions given the jury and agree that some are not in the form suggested by Colorado Jury Instructions, and that there is some overlapping. However, when read as a whole, it is our view that they adequately and correctly informed the jury as to the law of Colorado applicable to the case. That is the test. Kirk v. Himes, 170 Colo. 378, 461 P.2d 444; Fox v. Martens, 132 Colo. 208, 286 P.2d 628.
Having therefore found no reversible error in the remaining assertions of defendants-appellants, and consistent with the views previously expressed by the Supreme Court in this case, the judgment is affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.