David J. FELDER, Plaintiff-Appellee and Cross-Appellant,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation, Defendant-Appellant and Cross-Appellee.

No. 80CA0065.

Colorado Court of Appeals, Div. II.

Dec. 16, 1982.

As Modified on Denial of Rehearing Jan. 13, 1983.

Richard B. Bauer, Westminster, Ratner, Mattox, Ratner, Barnes & Kinch, P.A., E.L. Kinch, Wichita, Kan., for plaintiff-appellee and cross-appellant.

Gorsuch, Kirgis, Campbell, Walker & Grover, Wiley Y. Daniel, Steven Bailey, Denver, for defendant-appellant and cross-appellee.

SMITH, Judge.

David J. Felder brought this action under the Federal Employers Liability Act seeking damages for injuries which he sustained while employed as a switchman by Union Pacific Railroad. A jury found the railroad negligent and thus liable for damages. The trial court initially entered judgment in the amount of $39,278, including $4,278, in pre-judgment interest. However, the pre-judgment interest was subsequently deleted from the award.

On appeal, the railroad asserts that the trial court erred in instructing the jury, and Felder has cross-appealed, claiming error in the deletion of pre-judgment interest. We affirm in each instance.

## I.

■ The railroad initially contends that the trial court erred in giving the jury a "general verdict form" rather than the tendered "special verdict form." We disagree.

Relying on the comparative negligence statute, § 13–21–111, C.R.S.1973, the railroad argues that the trial court was required to give the jury a special verdict form. That statute provides as follows:

"(1) Contributory negligence shall not bar recovery in any action by any person or his legal representative to recover damage for negligence resulting in death or in injury to persons or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made.

(2) In any action to which subsection (1) in this section applies, . . . in a jury trial, the jury shall return a special verdict which shall state:

(a) The amount of damages which would have been recoverable if there had been no contributory negligence; and (b) degree of negligence of each party, expressed as a percentage.

(3) Upon the making of finding of fact or the return of a special verdict, as is required by subsection (2) of this section, the court shall reduce the amount of the verdict in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made; but if the said proportion is equal to or greater than the negligence of the person against whom recovery is sought, then, in such event, the court shall enter a judgment for the defendant."

A reading of § 13–21–111, leads us to the conclusion that the mandatory language of the statute requiring the return of a special verdict has no application in a case brought under the Federal Employers Liability Act.

■ First, and primarily, in actions under the F.E.L.A., the substantive rights of the parties are governed by that act as interpreted by the federal courts. *Showalter v. Western Railway,* 16 Cal.2d 460, 106 P.2d 895 (1940). Generally, the F.E.L.A. is a pure comparative negligence statute. *See Westgard v. Chicago, M. & St. P. Ry. Co.,* 176 Wis. 636, 187 W.W. 658 (1922). However, it differs significantly from Colorado's comparative negligence statute in that it provides for a plaintiff's recovery, if defendant is found to have been negligent, regardless of the amount of plaintiff's negligence, if any. As the two statutes provide different substantive rights, under the rationale of *Showalter,* the law of comparative negligence as defined in the F.E.L.A. is that which governs, and § 13–21–111(1), C.R.S.1973, has no application.

Significantly, § 13–21–111(2), C.R.S.1973, which mandates the return of the special jury verdict is limited in its application to those actions to which subsection (1) applies. As discussed, § 13–21–111(1), C.R.S. 1973, has no application in a case brought in Colorado under the F.E.L.A. Accordingly, the mandates of § 13–21–111(2) by its own terms, can likewise have no application.

Further, comparison of the two statutes reveals the rationale for requiring a "special verdict" in the application of Colorado's statute, and why one is not mandated in actions brought under the F.E.L.A.

■ Under the Colorado act, the sole responsibility of the jury is to make certain specific findings of fact. Section 13–21–111(2), C.R.S.1973. The trial court then has the responsibility, based on those findings, to determine first, whether the plaintiff is entitled to recover at all, and second, how much. Section 13–21–111(3), C.R.S.1973. Thus, the use of a special verdict is an integral part of the state's comparative negligence doctrine and procedure of adjudication. *See V. Schwartz, Comparative*

Negligence, § 15.2, at 236, citing *Millsap v. Central Wisconsin Motor Transportation Co.,* 41 Ill.App.2d 1, 189 N.E.2d 793 (1963) (commenting on Wisconsin's comparative negligence statute, after which the Colorado act was patterned).

In contrast, the practice in F.E.L.A. cases is to instruct the jury on the methods of determining (1) each parties' negligence, (2) the total amount of damages, and (3) the award based upon their findings of comparative negligence, if any. Upon completing this procedure, the jury returns a final award upon which judgment can be entered.

■ Thus, in F.E.L.A. cases, the jury does that which the judge is required to do in Colorado. The purpose then for use of the special verdict in Colorado is limited to providing sufficient information from which the trial court can make the final assessment.

In F.E.L.A. cases brought in Colorado, a special verdict form is not required by either statute or necessity. Accordingly, the use of a general verdict, together with instructions appropriate thereto, was not error. This is not to say, however, that a special verdict cannot be used in F.E.L.A. cases tried in Colorado courts. The use of special verdicts or interrogatories accompanying general verdicts unless specifically required, is discretionary with the trial court. C.R.C.P. 49; *Lambrecht v. Archibald,* 119 Colo. 356, 203 P.2d 897 (1949). If used in F.E.L.A. cases, however, the instructions and the form of special verdicts submitted to the jury should be specifically prepared to conform with the Federal Employers Liability Act and the cases decided pursuant thereto.

## II.

The railroad next contends that the trial court erred in refusing to give certain of its tendered jury instructions. We disagree.

■ With the exception of the one tendered instruction considered below, our comparison of the tendered instructions and those ultimately given by the court reveals that all the elements and points of law contained in the railroad's tendered instructions were sufficiently and comprehensively covered in the given instructions. Accordingly, the trial court's refusal to give the tendered instructions was not error. *Weese v. Ohio Railway,* 570 F.2d 611 (6th Cir. 1978); *Weicker Transfer & Storage Co. v. Bedwell,* 95 Colo. 280, 35 P.2d 1022 (1934).

■ The remaining tendered instruction at issue concerns damages for loss of past and future earnings, and is almost identical to an instruction that was ruled to be erroneous in *Hays v. Pennsylvania R.R.,* 19 Ill. App.2d 368, 153 N.E.2d 737 (1958). The precise error commented upon in *Hays,* and involved in the instruction tendered here, is that the Hay's jury was instructed that the plaintiff could not recover damages for any period for which the plaintiff might have worked in the past, or might work in the future. This is an incorrect statement of the law, and thus, the railroad was not entitled to such an instruction. *Hays v. Pennsylvania R.R., supra.*

## III.

■ The railroad has also objected to certain of the instructions that were given. We find that they were not erroneous. Each of the instructions given was a correct statement of the law. Further, our examination of the record discloses sufficient evidence to support the giving of those instructions. Where, as here, instructions, when read as a whole, adequately and correctly informed the jury as to the law, there is no error in giving such instructions. *Hotchkiss v. Preble,* 33 Colo.App. 431, 521 P.2d 1278 (1974).

## IV.

■ Felder, in his cross-appeal, asserts that the trial court erred in granting that portion of the railroad's motion to alter or amend judgment as it relates to the recoverability of pre-judgment interest in the F.E.L.A. action. We disagree.

*Wicks v. Central R.R. Co.,* 129 N.J.Super., 145, 322 A.2d 488 (1974), and the cases cited

therein, hold that pre-judgment interest may not be awarded in an F.E.L.A. action. We agree with the rationale of these cases, and therefore hold that the trial court did not err in refusing to allow pre-judgment interest.

Accordingly, the judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.