**Zvi KEDAR, Plaintiff-Appellant,**

v.

**PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation, Defendant-Appellee.**

**No. 82CA0703.**

Colorado Court of Appeals, Div. III.

May 9, 1985.

Rehearing Denied June 6, 1985.

Certiorari Denied Nov. 4, 1985.

Podoll & Podoll, P.C., Richard B. Podoll, Robert J. Cunningham, Denver, for plaintiff-appellant.

Kelly, Stansfield & O'Donnell, Richard W. Bryans, Jon R. Hilton, Denver, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Zvi Kedar, brought suit against Public Service Company (PSC) for injuries sustained when a copper pipe he was carrying while installing a solar heating unit on the roof of a building came in contact with an electrical power line owned, operated, and maintained by PSC. By special verdict, the jury found plaintiff and PSC each 50% negligent. Accordingly, judgment was entered in favor of PSC. Plaintiff appeals and we affirm.

## I.

■ Plaintiff first contends that the trial court erred in precluding him from referring to the 1977 edition of the National Electric Safety Code (1977 edition) because it had not been adopted by the Colorado Public Utilities Commission. Plaintiff relies on *Union Supply Co. v. Pust*, 196 Colo. 162, 583 P.2d 276 (1978), a products liability case, in which the court admitted into evidence safety codes in effect at the time the injury occurred. We find no error.

Here, the 1961 edition of the National Electric Safety Code (1961 code) was in effect at the time the power line was constructed. Although the 1977 edition's minimum horizontal clearance for power lines was greater than that required by the 1961 code, the 1977 edition excluded existing installations from the new horizontal clearance requirement. Thus, the trial court did not abuse its discretion in not admitting the 1977 edition. *Union Supply Co. v. Pust, supra; see Brown v. Cedar Rapids & Iowa R.R. Co.*, 650 F.2d 159 (8th Cir.1981).

The record reflects that industry standards for minimal horizontal line clearance, as exemplified by the 1977 edition, were brought before the jury through expert testimony. Hence, evidence of "industry safety standards" at the time of the injury relied upon by plaintiff, was admitted. Error, if any, in the trial court's ruling was harmless. *See* C.R.C.P. 61; CRE 103(a).

## II.

■ Plaintiff also contends that the trial court erred in denying admission of the entire 1961 code after receiving into evidence a photographic enlargement of one page of this code. We disagree.

When a party introduces part of a writing, the opposing party may require introduction of the remainder if, in fairness, it ought to be considered contemporaneously. CRE 106. However, when the trial court excludes such evidence, an offer of proof must be made showing the relevance of the specified additional parts of the writing and the reason why in fairness they ought to be considered contemporaneously with that part admitted. CRE 103(a)(2).

Here, no offer of proof was made; thus, we are unable to determine whether other portions of the 1961 code were relevant to plaintiff's case and, if relevant, whether fairness required their admission. Therefore, we presume the trial court's ruling to be correct. *Laessig v. May D & F*, 157 Colo. 260, 402 P.2d 183 (1965).

## III.

■ Plaintiff also contends that the trial court failed to instruct the jury fully with regard to the law. Again, we disagree.

Plaintiff tendered a jury instruction concerning the special skill and knowledge that PSC must apply to discharge its duty to protect the general public because of the inherent dangerousness of electricity. Instead of giving plaintiff's instruction, the trial court instructed the jury in the language of *CJI–Civ.2d* 9:5 (1980). This instruction is a correct statement of PSC's duty and embodies the theory expressed in plaintiff's tendered instruction. *See Federal Insurance Co. v. Public Service Company*, 194 Colo. 107, 570 P.2d 239 (1977).

Moreover, the jury instructions as a whole adequately expressed the legal theories of plaintiff's case.

## IV.

Plaintiff finally contends that the trial court invaded the province of the jury in dismissing his claim for exemplary damages. We disagree.

■ To justify recovery of exemplary damages, the act causing the injuries must be done with a willful, wanton, and reckless disregard of plaintiff's rights and feelings. *Frick v. Abell*, 198 Colo. 508, 602 P.2d 852 (1979). *See* § 13–21–102, C.R.S. Mere negligence cannot serve as a basis for exemplary damages. *Frick v. Abell, supra.* The question of the sufficiency of the evidence to justify an award of exemplary damages is initially a question of law.

*Mince v. Butters,* 200 Colo. 501, 616 P.2d 127 (1980).

 Here, plaintiff failed to present a prima facie case that PSC acted in wrongful, wanton, or reckless disregard for plaintiff's rights and feelings. Thus, the trial court properly dismissed plaintiff's claim.

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.