Gloria G. TELECKY, Plaintiff–
Appellant,

v.

YAMPA VALLEY ELECTRIC ASSOCI-
ATION, INC., a Colorado corpora-
tion, Defendant–Appellee.

No. 90CA1115.

Colorado Court of Appeals,
Div. I.

April 16, 1992.

Rehearing Denied May 14, 1992.

Certiorari Granted Oct. 13, 1992.

Cross-Petition for Certiorari Denied
(Telecky) Oct. 13, 1992.

Spence, Moriarity & Schuster, J. Douglas McCalla, Philip White, Jr., Jackson, Wyo., Kenneth L. Keene, Denver, for plaintiff-appellant.

Hall & Evans, Peter F. Jones, Malcolm S. Mead, Robert J. McCormick, Denver, for defendant-appellee.

Opinion by Judge PIERCE.

Plaintiff, Gloria G. Telecky, appeals from a judgment entered upon a jury verdict finding defendant, Yampa Valley Electrical Association, Inc., not negligent in the death of her husband. We reverse and remand for a new trial.

I.

Plaintiff contends there was prejudicial error in the instructions given. We agree.

After the adoption of Public Utilities Commission (PUC) Rule 18, 4 Code Colo. Reg. 723–3, and prior to trial, defendant gave the requisite notice that it had declared itself exempt from the provisions of the Public Utilities' law. *See* §§ 40–9.5–103 and 40–9.5–104, C.R.S. (1984 Repl.Vol. 17). This fact was not, however, brought to the attention of the trial court by either party.

Instruction No. 20 informed the jury according to the language of PUC Rule 18(a)(3), which reads:

Any electric plant of the utility that is constructed, installed, maintained and operated in accordance with the National Electric Safety Code in effect at the time of its construction or installation shall be presumed to comply with accepted good engineering practice in the electric industry and the provisions of this rule.

Plaintiff contends that, in light of defendant's having declared itself exempt from the rule, the trial court erred in giving Instruction No. 20. Plaintiff further contends that the trial court erred in failing to give her tendered instructions which read as follows:

### Instruction No. 1

You are instructed that while conformity with the National Electric Safety Code standard is not an absolute defense to negligence while it may be evidence of due care, compliance with industry standards, or standards legislatively or administratively imposed, does not preclude a finding of negligence where a reasonable person would have taken additional precautions under the circumstances.

### Instruction No. 8

The National Electric Safety Code contains minimum requirements and guidelines for the design, construction and maintenance of power lines.

Defendant argues that plaintiff failed to preserve the issue for review and, in any event, that Instruction No. 20 is a correct legal statement and the instructions as a whole accurately informed the jury of the applicable law.

First, as to defendant's contentions, plaintiff's objections to Instruction No. 20 were that it did not set forth the correct standard of care. This is sufficient to preserve the issue for appellate review. *Blueflame Gas, Inc. v. Van Hoose*, 679 P.2d 579 (Colo.1984). Second, Instruction No. 20 does not fairly and fully set forth the correct legal statement applicable to the construction of power lines, while also adequately instructing the jury in accordance with plaintiff's legal theory.

Instructions are properly given if, when read as a whole, they adequately and correctly inform the jury as to the law applicable to the case. *Hotchkiss v. Preble*, 33 Colo.App. 431, 521 P.2d 1278 (1974). There is no error in refusing tendered instructions if all elements and points of law contained in the tendered instructions are sufficiently covered in the instructions actually given. *Felder v. Union Pacific R.R. Co.*, 660 P.2d 911 (Colo.App.1982).

Because of the dangerous nature of electric power lines, an electric utility company is held to the highest degree of care consistent with the practical conduct of its business under known methods and the present state of the art. An instruction stating this duty was given here. *Smith v. Home Light & Power Co.*, 734 P.2d 1051 (Colo.1987); *Mladjan v. Public Service Co.*, 797 P.2d 1299 (Colo.App.1990); *see also CJI–Civ.3d* 9:5 (1988). As such, compliance with an administrative safety standard is a circumstance to be weighed with other factors and is not, by itself, necessarily conclusive on the issue of due care or negligence. *See Blueflame Gas, Inc. v. Van Hoose, supra* (as applied to the dangerous nature of propane).

Here, Instruction No. 20 gives a rebuttable presumption in accordance with *CJI–Civ.3d* 3:5 (1988) (version 2), which instructs the jury to consider this presumption together with all other evidence in the case. However, because of the dangerous nature of electric power lines, and the conceded fact that administrative safety standards prescribe only minimum requirements and must be considered with the

particular circumstances and conduct consistent with the state of the art, *see Smith v. Home Light & Power, supra,* the jury was not fully and adequately instructed by virtue of Instruction No. 20 alone.

The applicability of PUC Rule 18 is not, therefore, the decisive question. Rather, in this case, the presumption given by Instruction No. 20 is correct, but is incomplete and possibly confusing to the jury, in that it does not instruct the jury concerning what circumstances are sufficient to rebut the presumption, *see Diversified Management, Inc. v. Denver Post, Inc.,* 653 P.2d 1103 (Colo.1982), and may in fact imply that compliance with the minimum safety standards set forth in the NESC is tantamount to activity in accordance with its duty to exercise the highest degree of care possible.

Such a presumption of non-negligent construction may have impermissibly aided defendant and influenced the jury in determining whether plaintiff met her burden. *See Union Insurance Co. v. RCA Corp.,* 724 P.2d 80 (Colo.App.1986); *Smith v. Home Light & Power Co., supra; see also Kedar v. Public Service Co.,* 709 P.2d 15 (Colo.App.1985). Hence, reversal is required.

■ Plaintiff's theory of the case was accurately presented in her tendered instructions and, when supported by the evidence, a party is entitled to an instruction on her theory when consistent with existing law. *See Federal Insurance Co. v. Public Service Co.,* 194 Colo. 107, 570 P.2d 239 (1977). Hence, on remand, the substance of plaintiff's tendered instructions numbered 1 and 8 should be given to the jury. *See CJI–Civ.3d* 9:15 (1988).

## II.

Plaintiff also contends that the trial court abused its discretion in denying her motion for change of venue. Since the case must be retried, we need not address this issue, but would note that plaintiff's counsel waived any objection to the jury chosen and the record does not bear out her claim of prejudice.

## III.

Also, we do not address plaintiff's contention that sanctions should have been imposed by the trial court when an expert allegedly changed the substance and bases for his testimony. The issue is unlikely to arise on retrial.

The judgment is reversed, and the cause is remanded for a new trial consistent with this opinion.

SMITH and DAVIDSON, JJ., concur.